Bridendolph vs. Zellers' Executors.

MASON, J., delivered the opinion of this court.

The appellants in this cause were the trustees appointed by the court to sell the mortgaged premises mentioned in the proceedings, and their claim is for double commissions upon the proceeds of sale. It appears, that when the property was first advertised by them, they were requested by Edward H. Dorsey, the owner of the equity of redemption, to postpone the sale, and that Dorsey stipulated that they should be allowed extra or double commissions. The sale was accordingly postponed, and the trustees' claim is based upon the promise of Dorsey to pay the double commissions in consideration of the postponement.

The present appeal is taken from so much of the chancellor's opinion and decree as relates to, and disallows this claim.

The chancellor, we think, was right in rejecting it, and concurring with him in his views upon the subject, and the conclusions to which he has arrived, we will affirm his decree with costs. Besides, we regard the present appeal as having been virtually abandoned by the appellants.

*Decree affirmed.*

# ANTHONY BRIDENDOLPH vs. JACOB ZELLERS' Executors.

There is no doubt but that in Maryland a writ of error *coram nobis* lies to correct an error in *fact* in the same court where the record is; if there be error in the process, or through default of the clerk, it will be reversed in the same court by writ of error sued thereon before the same judge.

In a writ of error *coram nobis* to the county court to correct a judgment of *fiat*, the error assigned was that the *scire facias* recited a judgment which had no existence; the court sustained a demurrer to this assignment, and gave judgment for the defendant in error. HELD:

That whether this be an error of *law* or of *fact*, this ruling must be sustained, for if it be error of *law* the writ *coram nobis* does not apply, and if of *fact* there is nothing to correct, as the *scire facias* sets out a perfect judgment justifying the judgment *fiat*.

The entry of *fiat* upon the return of one *nihil* is a clear case of *irregularity* and expressly provided for by the act of 1787, ch. 9, sec. 6; the defendant has a clear right to move the court to strike out the *fiat*, and when this motion is granted, appear and plead *nul tiel record*, which brings before the court directly the existence of the judgment on which the *sci. fa.* is founded.

An appeal does not lie from an order overruling a motion to quash a writ of error *coram nobis*, it not being a final judgment from which an appeal properly lies.

APPEAL from the circuit court for Washington county.

On the 22nd of April 1851, Bridendolph, the plaintiff in error below, filed, in Washington county court, a petition to the judges thereof, stating that two writs of *scire facias* had issued out of said court against him, and judgment of *fiat* rendered thereon without his appearance, or opportunity of defence. That said *sci. fas.* recited a judgment, recovered by the defendants in error below, against him, at March term 1837 of said court, when in fact there was no such judgment, and that there was manifest error in the process, and that the same was issued through the mistake or default of the clerk, and prayed for a writ of error *coram nobis*, to correct the record of said judgment.

The petition was verified by the affidavit of the attorney of the plaintiff, and thereupon the court, on 2nd of April 1851, ordered the writ to issue returnable on Saturday next, which was accordingly issued on the 5th of April 1851, by the clerk, directed to the judges of the same court, and recites, 1st, the judgment recovered in 1837, which is set out in full in the opinion of this court; 2nd, the writs of *sci. fa.*, the first of which was issued on the 22nd of March 1849, and returnable to March term, but no return thereto was made, the second on the 20th of April 1849, and returnable to November term, which was returned *nihil;* 3rd, the judgment *fiat*, &c.; and directs the correction of the error in the usual form.

.The plaintiff, at the same term, assigned for error, in substance, that the *sci. fa.* recited a judgment which had no existence.

At the next term, the defendants moved to quash the writ,

because:—1. The court or judges had no authority to issue such writ. 2. It recites two judgments. 3. In the recitation of the judgments blanks are left. 4. It purports to be a writ of error *coram nobis*, to correct all errors in the record, when by law no other writ will lie in the same court than the writ of error *coram vobis* for the correction of errors in judgments rendered by mistake. 5. It is returnable in the same court wherein the errors are supposed to have been committed, when by law it ought to have been made returnable to the Court of Appeals.

The circuit court overruled the motion to quash, from which ruling the defendants in error prayed an appeal, which was granted.

The plaintiff, upon leave, and to meet the view of the court that there could be only one assignment of error, amended his assignment, and assigned as error in fact, and in the process and proceedings, and by the default of the clerk and officers of the court, that writs of *sci. fa.* were issued, &c., (setting them out,) whereas there was in fact no such judgment, or any other judgment rendered against him at the suit of the plaintiffs; and judgment of *fiat* was rendered in said case against him, when, in fact, there was no judgment, wherefore he prays that the judgment of *fiat* may be vacated, reversed and set aside.

To this assignment the defendants filed a special demurrer, for the following causes:—1. That it is bad for duplicity, there being assigned more than one supposed fact as cause of error in the said judgment. 2. That it is double, including more than one supposed fact, in one and the same assignment; and 3. That it is in other respects wholly insufficient for want of form, &c. The demurrer was sustained by the court, and judgment given for the defendants in error, from which the plaintiff in error appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, and TUCK, J.

*Richard H. Alvey,* for the defendants below, in argument on the first appeal contended.

1. The judges of the county court had no power whatever to authorise the issuing of such a writ of error as was issued in this case, or any writ of error whatever. The sole power of issuing writs of error, either for the correction of errors in law or fact, in the absence of an express statute conferring such power upon any other tribunal or person, is vested in the chancellor of the State, and such is the common law of this State, adopted by analogy to the practice in England before our independence, in obtaining writs of error to any of the courts of Westminister.

2. The writ in this case has not only been issued by, but has been made returnable before, the wrong court. By the constitutions of 1776 and of 1805, it was contemplated that all appeals and writs of error of whatever kind, should be brought in and be made returnable to the Court of Appeals of the State, and that the county courts should have, in no instance, except upon motion in the manner pointed out by acts of Assembly, any revisory power or control over their final judgments. The act of 1806, ch. 90, sec. 5, not only recognises this to be the law governing the prosecution of writs of error *coram nobis,* but by the same act, sec. 10, it is made the duty of the clerks of the county courts to make out the records in all cases where writs of error have been sued out, and to transmit the same to the Court of Appeals, and that court is authorised and directed in certain events, to remand the records in such cases to the county courts to have facts tried by juries. *Act of* 1806, *ch.* 90, *secs.* 1, 5 *and* 10.

3. But admit the authority of the county court to order this writ, and make it returnable before themselves, under the act of 1826, ch. 200, sec. 13, the only error that could be corrected would be a mistake in the court in the rendition of the judgment, and not any default of the officers or errors in the process. The petition asks the issuing of the writ, because of manifest *error in the process, and that the same was issued through the mistake or default of the clerk of the court,*

*and because there was not in fact any such judgment as was recited in the writs of scire facias;* and the writ itself directs a general revision of the judgment, and the correction of all errors of whatever nature or kind, when it should only have directed the correction of the mistake of the court in the rendition of the judgment.

4. Two judgments are recited, and the writ is uncertain as to which is to be corrected—whether the original judgment or the judgment of *fiat.* The two judgments are entire and distinct things, and should have been cited and treated as separate proceedings. 5 *Gill,* 109, *Clarke vs. Digges.*

5. The writ was not issued in time. It should have been sued out the same term in which judgment was given. It is therefore insufficient to authorise the correction of any errors that may be in the record. *Yel.,* 157. 6 *Com. Dig., Tit. Pl., (3 B. 8,)* 445.

In the argument of the second appeal, he contended:—

1. The matter assigned in the amended assignment, is not, if it be error at all, error in fact, but error in law, and as such cannot be corrected in this proceeding. 6 *Com. Dig., Tit. Pl., (3 B. 1,)* 440. *F. N. B.,* 20, 21. Whether any particular proceedings in a court of law constitute or amount to a judgment of the court, or whether they have all the attributes and characteristics of a judgment, is certainly not a question of fact, but solely and exclusively a question of law.

2. There is duplicity in the assignment. The principle is, that not more than one error in fact shall ever be assigned. 6 *Com. Dig., Tit. Pl.,* 461, *(3 B. 15.)* And error in law and error in fact cannot be assigned together, because it requires different modes and tribunals to try the errors. Here there is a general allegation that there is no judgment, such as is recited in the writs of *scire facias,* and that judgment for execution has been given without a former recovery. This general allegation thus made would necessarily involve an inquiry into, not only several facts, but both law and facts.

3. The errors assigned are contrary to the record. A thing never permitted. 6 *Com. Dig., Tit. Pl., (3 B. 16,)* 462.

42 v.3

4. The matter assigned in error would have been available by way of plea to the *scire facias*, and nothing is assignable for error that could have been pleaded in bar, though the judgment be by default. Here the party could have pleaded *nul tiel record*, and have barred the recovery of the *fiat*. *Com. Dig. Tit., Pl.*, (3 *B.* 16,) 462.

5. There is not sufficient certainty in the assignment. The particular error should have been designated and pointed out. *F. N. B.*, 20 *G.*  6 *Com. Dig., Tit. Pl.*, (3 *B.* 15,) 461.

6. It is not competent under this writ to review or correct any error in the original judgment of 1837, but the review must be confined to the judgment of *fiat*, because no more than one record can be corrected by virtue of the same writ.  14 *Mass. Rep.*, 233.  6 *Com. Dig., Tit. Pl.*, (3 *B.* 16,) 462.

7. Even admit that irregularities and defects are in the record of both judgments, they are such as are cured by intendment and by statutes.  6 *Mass. Rep.*, 445.  *Act of 1763, ch.* 23—*Preamble and section* 1*st.*  2 *H. & J.*, 41, *McMechen vs. The Mayor, &c., of Baltimore.*

*Jervis Spencer* for the plaintiff below.

It is contended by the counsel for Zellers, that there are cross-appeals in this case, and that the court have first to decide the points arising upon the appeal of his clients.  We submit that Zellers has no appeal in this court.  The case was not in a condition for an appeal when his prayer for an appeal was entered.  An appeal or writ of error can only be prosecuted upon a final judgment.  1 *Archb's Civil Pr.*, by *Chitty,* 476.  In this case the judgment was long after the decision upon the motion to quash the writ, when his appeal was entered.  The case is therefore here exclusively upon the appeal of Bridendolph.

But there is nothing in the points made upon the motion to quash.  The power of the county court to issue a writ of error *coram nobis*, is expressly recognised by the Court of Appeals.  *Hawkins vs. Bowie,* 9 *G. & J.*, 437.  *Fitzh. Nat. Brev.*, 49, *letter I.*  And the recital of the judgment in the

writ was not only harmless, but was useful and necessary in order to ascertain with certainty the subject to which the writ related. The other reasons assigned for quashing the writ are answered by the general statement, that this is a proper subject for error *coram nobis*.

The question really before the court is upon the special demurrer to the assignment of error. In looking at the case it will be observed, that the assignment was single in every respect, and therefore not liable to the objections made. It assigned one single error, to wit, that the *sci. fas.* recited a judgment when there was no judgment, and that *fiat* was awarded for a judgment which had no existence. The error could not have been assigned distinctly without saying as much. It is a single error in a single assignment. It is also quite manifest that the counsel for Zellers, in making his objections to the assignment, was laboring under the same misconception that appears to have misled the lower court., viz., that *error coram nobis* could only apply to errors of fact. This we find to be a mistake. There may be an assignment of any number of errors of the character assigned in this case, and the court will incidentally take notice of all such errors if only one be assigned. 9 *G. & J.*, 437. 2 *Tidd's Pr.*, 1226, 1340. 1 *Archb. Pr.*, by *Chitty*, 500, 520.

But it is argued, that the writ of error *coram nobis* was abolished in this State by the acts authorising the correction of errors on motion. These acts were only cumulative, and do not profess to interfere with previous remedies. The act of 1787, ch. 9, sec. 6, was intended to reach cases that could not be remedied by writ of *error*. It conferred upon the court a *quasi* equity jurisdiction, on motion to set aside judgments obtained by fraud, deceit, surprise or irregularity, &c., not appearing upon the record. This is in no respect similar to a writ of error. Even if the motion went *pari passu* with the writ, the remedies could and would both exist. 1 *Tidd*, 158. The act of 1826, ch. 200, sec. 13, expressly recognises the writ of error *coram nobis*, and takes it out of the operation of the act of limitations when the judgment is entered by mis-

take. 1806, ch. 90, sec. 5, also recognises error *coram nobis*. But it is urged, that this act assumes that the writ does not lie in the county courts, because it only authorises issues of fact arising upon such writ to be sent from the Court of Appeals to the county court. The reason of this is quite manifest from all the authorities. *Coram nobis* applies to the records in the Court of Appeals as well as in any other court. Issues of fact can only be tried by a jury, and as they have no jury in the Court of Appeals, issues of fact must be sent to some other court. There was no necessity for any such provision with regard to the county courts, and it cannot be said this law contemplated the prosecution of a writ of error *coram nobis*, from the county court to the Court of Appeals.

It is also maintained on the other side, that we cannot bring the original judgment and the *fiat* before the court in this proceeding. We think we could do nothing else. The authorities establish, that the *fiat* can only stand on the original judgment, and without it there can be no judgment to execute—the case is an empty shell without the original judgment.

We think our assignment of errors not contrary to the record, as suggested on the other side, but sustained by the record. It is said we might have plead *nul tiel record* to the *scire facias*. Was it ever heard of, that a party could plead, or was expected to plead, when he had no notice of suit, either actual or constructive, and had not appeared? The authority in 6*th Comyn* does not apply. It is idle to talk about suing out a writ of error upon the original judgment, when there was no original judgment to bring error upon. I have said this case depends upon the demurrer, which admits the facts assigned by us as error. There was no question below, and could be none there or here, as to the manner in which the record was certified to the court. If there had been any defect of that nature, it could easily have been cured, as the whole record was before the lower court.

It is further suggested, that the writ was not issued in time. The case in *Yelv.*, 157, to sustain the doctrine that the writ

must be issued during the term in which the *fiat* was rendered, is an old case, as early as the reign of James 1st, early in the seventeenth century, and was followed by no other authority. The English act of limitations was passed in the reign of William 3rd, at the close of the same century.   1 *Archb.*, 476.

LE GRAND, C. J., delivered the opinion of this court.

This is a writ of *error coram nobis*.   It appears from the record that in the year 1837, in Washington county court, there was entered a judgment by confession against the appellant "for $.——, damages and costs, the damages to be released on the payment of $610, with interest from —— till paid," &c.   At a subsequent term a writ of *scire facias* was issued, in which the judgment of 1837 was recited as one for $610; to this writ there was no return, and a second writ issued, to which there was a return of *nihil*, whereupon the court entered judgment *fiat* for $610, with interest from the 12th day of April 1837.   The defendant in the *scire facias* never appeared to the writ.   In this state of case, on petition, the court for Washington county directed the issue of a writ of *error coram nobis*, returnable before it.   The plaintiff in error assigned as error, that the *scire facias* recited a judgment which had no existence.

Since the case of *Hawkins vs. Bowie*, 9 *G. & J.*, 437, there ought to be no doubt in Maryland, that a writ of error *coram nobis* lies to correct an error in *fact*, in the same court where the record is.   If there be error in the process, or through default of the clerk, it shall be reversed in the same court, by writ of error sued thereon before the same judge.

We do not deem it important to inquire whether the error complained of be one of *law* or of *fact*, for, in either event, the ruling of the court below must be sustained in this proceeding.   If it be an error of *law*, then, confessedly, the writ *coram nobis* has no application, and if it be an error of *fact*, there is nothing to correct, for the *scire facias* sets out a perfect judgment; such an one as justified the judgment *fiat*.

The judgment *fiat* appears to have been entered on the

return of one *nihil*, a clear case of *irregularity*, and expressly provided for by the sixth section of the act of November session 1787, chapter 9. The appellant had a clear right to move the court to strike out the judgment *fiat*, and, when his motion was granted, to appear to the suit and interpose the plea of *nul tiel record*, which would have brought before the court, directly, the existence of the judgment on which the *scire facias* was founded. This right has not as yet been lost to him.

We are of opinion that the appeal taken by the executors of Zellers was improperly taken, there being no final judgment from which an appeal would lie.

For the reasons we have given, we affirm the judgment of the court on the demurrer of appellees.

*Judgment affirmed.*