JULES LEAVITT v. STATE.

156 So. 904.
Division A.
Opinion Filed October 2, 1934.

*Bary A. Riley,* and *Aaron Abbott,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, J.—Jules Leavitt was convicted on a plea of guilty to an information filed in the Criminal Court of Record for Dade County charging him and George Berry with the offense of keeping and maintaining a place in Dade County for the purpose of gaming and gambling for money and other thing of value on the result of contests of speed of horses. See Sec. 7657 C. G. L. 1927; McBride v. State, 39 Fla. 442, 22 South. Rep. 711; Montgomery v. State, 40 Fla. 174, 24 South Rep. 68.

Subsequently to the conviction Leavitt submitted to the court in which he was tried and convicted his application for a writ of error *coram nobis.* The basis of his application was that he was "not * * * familiar with Court matters" and entered the plea of guilty through ignorance in believing that as he was in a "pool room at the time arresting officers forcibly made an entry, he was guilty of the crime charged in the information, and, having such belief, impelled him to enter a plea of guilty; that such plea was entered through ignorance and mistake."

That is the alleged fact which petitioner said would have precluded the entry of a judgment against him.

The application was supported by the affidavit of a deputy sheriff who participated in the raid, that Leavitt was present in the room when the so-called raid was made, but the officer did not believe that Leavitt operated the pool room, that there were "charts and other gambling paraphernalia on the walls," but he did not see Leavitt engaged in gambling or operating a gambling house.

The charge was that Leavitt and Berry kept, exercised and maintained the place for the purpose of carrying on the particular kind of gambling. So the affidavit did not relate to the charge in the information, nor was it in support of the application which rested upon the affiant's ignorance of "court matters" and his belief that being present when the officers came into the room he was guilty of the charge contained in the information.

The County Solicitor moved to strike the petition on the ground that the petition was insufficient and second that the court had no power to issue a writ of error *coram nobis*. The court granted the motion to dismiss and to that judgment the petitioner took a writ of error and seeks to reverse the judgment.

The writ has been called *"coram nobis"* and *"coram vobis"* indiscriminately, but not so in this State where the name of the writ properly applicable has been maintained insofar as it constitutes an important phase of the procedure in certain causes. See 2 R. C. L. 305-E 259.

Where the application is made to the court which entered the judgment the writ is called a writ of error *coram nobis,* and not *coram vobis*. It is called *coram nobis* because the record and jurisdiction of the case remain in the court entering the judgment. The writ is not as comprehensive as it was at common law because the remedy by writ of error and motion for a new trial is in many instances sufficient.

The writ of error *coram nobis* lies to correct errors of fact only, but not errors of law. See Roughton v. Brown, 53 N. C. (8 Jones' Law) 393; Bridendolph v. Zellers' Ex., 3 Md. 325.

It has been held that where a person was insane at the time of conviction and which was not known at that time the writ lies. Adler v. State, 35 Ark. 517, 37 Am. Rep. 48.

For a very full discussion of the writ and its purpose see Lamb v. State, 91 Fla. 396, 107 South. Rep. 535; Nickels v. State, 86 Fla. 208, 98 South. Rep. 497; Washington v. State, 92 Fla. 740, 110 South. Rep. 259; Chambers, *et al.*, v. State, not yet reported.

In the case' at bar the ground urged is that the plea of guilty was entered through mistake occasioned by the petitioner's ignorance of "court matters" and his belief that if he was present when the officers entered the room he was guilty of the charge contained in the information. It is difficult to accept such a statement from an adult person to whom reasonable intelligence is naturally ascribed. The court may not have deemed the statement worthy of belief. Certainly there was no sustaining affidavit of the fact, and for one to say that he does not know whether he is guilty and therefore decides to plead guilty, is to assume a lack of common intelligence which the petitioner's appearance and general bearing before the court might deny. Besides it has been held that a judgment confessed cannot be shown on writ of *coram nobis* to have been entered by mistake. See State v. Disney, 5 Sneed. (Tenn.) 598; 34 C. J. 296, 397.

While the writ at common law was usually issued by the court of King's Bench, analogous to which in this country are our courts of superior jurisdiction which take to themselves under the Constitution the powers of such courts insofar as they are applicable to our institutions, our Constitution in providing for the establishment of criminal courts of record and other local tribunals impliedly vested them with such common law powers of procedure as are applicable to their jurisdiction as .courts of record. If it were not so a court of such superior jurisdiction could not correct an error of fact which if known would have precluded

the entry of a judgment and thus prevent oftentimes a serious miscarriage of justice.

The order denying the writ is affirmed.

DAVIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.