PER CURIAM.
The defendant, Carl J. Germaine, pleaded guilty to a misdemeanor charge in the Dade *96 County Court in 1975 and was sentenced to pay a fine, which was paid. In 1978 he filed a petition for a writ of error coram nobis in the Circuit Court of the Eleventh Judicial Circuit and the circuit court entered a rule nisi directed to the State. Thereafter, the State sought a writ of prohibition in this court, contending that the circuit court, not being the original trial court, could not issue a writ of coram nobis. We issued a rule nisi in prohibition and upon a return consider the cause on the merits.
We find that the County Court of Dade is a constitutional court given jurisdiction over misdemeanor crimes, pursuant to Article V, Section 7, Florida Constitution, and Sections 34.01 and 900.03,[1] Florida Statutes (1977).
Coram nobis originated at common law as a writ available in the original trial court. Lamb v. State, 91 Fla. 396, 107 So. 535 (1926); Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934); House v. State, 130 Fla. 400, 177 So. 705 (1938); Russ v. State, 95 So.2d 594 (Fla.1957). We hold that the circuit court, not being the original trial court, was without jurisdiction to entertain the petition for writ of error coram nobis. It appears, by the wording of Section 900.-03, Florida Statutes (1977), that the County Court of Dade has the power to issue writs necessary to the exercise of its criminal jurisdiction.
Therefore, if it becomes necessary, we will make the rule nisi in prohibition, heretofore issued by this court, absolute.

. “Courts vested with criminal jurisdiction; process.
“(1) Original jurisdiction in criminal cases is vested in the circuit courts and county courts.
“(2) Courts having criminal jurisdiction may issue writs and process necessary to the exercise of the criminal jurisdiction and the writs and process shall have effect through the state.”