400 So.2d 456 (1981)
The STATE of Florida, Petitioner,
v.
George WOODS, Respondent.
No. 57791.
Supreme Court of Florida.
June 18, 1981.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., Miami, for petitioner.
John H. Lipinski, North Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the Third District Court of Appeal reported at 374 So.2d 47, which allegedly conflicts with prior decisions of this Court and those from the same district, and which arguably directly and exclusively affects the duties and powers of a class of constitutional or state officers; namely, the circuit court judges. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue presented in this case is one of proper jurisdiction and arises from the abolition of the Dade County Metropolitan Court in 1977. Prior to its deletion from the Dade County Charter, the Metropolitan Court, on November 22, 1967, found respondent, George Woods, guilty of the charge of *457 vagrancy. Respondent, an unmarried minor at the time, was not fined, and entry of sentence was suspended.
On August 1, 1978, respondent filed a petition in the Eleventh Judicial Circuit, in and for Dade County, requesting the circuit court to issue a writ of error coram nobis vacating his conviction. His petition alleged that it was brought as an original action pursuant to the circuit court's "All Writs" jurisdiction as provided for in article V, section 5, of the Florida Constitution. The circuit court entered its order summarily denying the petition on August 10, 1978.
Respondent subsequently filed a timely appeal in the Third District Court of Appeal alleging, inter alia, that his conviction was invalid because the record did not establish that notice, pursuant to section 932.38 (present section 925.07), Florida Statutes (1969), was sent to the parents or guardian of the respondent. The third district agreed, holding respondent's allegation to present a question which should have been determined by the trial court after a hearing. Accordingly, the district court reversed the order of the circuit court denying respondent's petition for a writ of error coram nobis and remanded the cause to the circuit court.
Petitioner filed a motion for rehearing, contending that the appellate court lacked jurisdiction to order the circuit court to hold a hearing in this case, inasmuch as the circuit court lacked original jurisdiction to consider respondent's petition for writ of error coram nobis. The third district denied the motion for rehearing on September 10, 1979. Subsequently petitioner filed a motion to stay the proceedings pending review, while, at the same time, filing his notice invoking the certiorari jurisdiction of this Court. The motion to stay was also denied by the district court but we accepted jurisdiction.
The writ of error coram nobis was first available at common law and later made applicable in this state to both civil and criminal cases, in the same court in which the judgment was entered. Russ v. State, 95 So.2d 594, 597 (Fla. 1957); House v. State, 130 Fla. 400, 177 So. 705, 706 (1938); Leavitt v. State, 116 Fla. 738, 156 So. 904, 905 (1934); Lamb v. State, 91 Fla. 396, 107 So. 535, 537 (1926); State v. Stettin, 364 So.2d 95, 96 (Fla. 3d DCA 1978). The function of the writ was to correct errors of fact, not errors of law; and the general rule repeatedly employed by this Court to establish the sufficiency of an application for a writ of error coram nobis is that the alleged facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented the entry of the judgment. Hallman v. State, 371 So.2d 482, 485 (Fla. 1979). Although writs of error coram nobis have now been abolished in civil cases by Florida Rule of Civil Procedure 1.540(b), this remedy remains viable in criminal cases. Id.
When a judgment has been affirmed by an appellate court, the original trial court does not have jurisdiction to entertain a petition for writ of error coram nobis until permission to seek such relief has first been obtained from the appellate court. Id. at 484. However, where no appeal of the judgment has been sought, as in the case at bar, the petition must be made to the original trial court. Durley v. Mayo, 160 Fla. 922, 37 So.2d 320 (1948); Skipper v. State, 128 Fla. 362, 174 So. 863 (1937); State v. Stettin, 364 So.2d 95 (Fla. 3d DCA 1978).
Petitioner argues that the original trial court in this case, the only court having jurisdiction to entertain respondent's petition, was the Metropolitan Court. However, since the Metropolitan Court was abolished, petitioner submits that the county court, not the circuit court, is vested with the jurisdiction previously exercised by the Metropolitan Court; and it is to the county court that respondent should have brought his petition. We agree.
When a court is abolished, as in the case at bar, article V, section 20, of the Florida Constitution, provides in subsection (d)(1) that "[a]ll records of and property held by courts abolished hereby shall be transferred *458 to the proper office of the appropriate court under this article" but, relevant to the issue presented herein, subsection (c)(4) of article V, section 20, dictates, "[t]he county courts shall have jurisdiction now exercised by ... municipal courts and courts of chartered counties, including but not limited to the counties referred to in article VIII, sections 9, 10, 11, and 24 of the Constitution of 1885." Pursuant to that mandate, section 34.01, Florida Statutes (1979), styled "Jurisdiction of county court," expressly so provides in subsection (2).
From the above cited constitutional and statutory provisions, the county court is vested with the jurisdiction previously exercised by the Metropolitan Court of Dade County. Further, the county court has the power to issue a writ of error coram nobis by virtue of its criminal jurisdiction, article V, section 7, Florida Constitution (1976), and pursuant to section 900.03, Florida Statutes (1979).
Inasmuch as the circuit court lacked jurisdiction to entertain respondent's petition for writ of error coram nobis, the appellate court did not have the authority to reverse the decision of the circuit court and to order a hearing therein. City of Stuart v. Green, 156 Fla. 551, 23 So.2d 831 (1945); State v. Stettin, 364 So.2d 95 (Fla. 3d DCA 1978); In re Coleman's Estate, 103 So.2d 237 (Fla. 2d DCA 1958).
Accordingly the decision of the district court is quashed and the cause is remanded to that court with instructions to reinstate and affirm the judgment of the circuit court.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON and McDONALD, JJ., concur.