HERSEY, Judge.
On the basis of newly discovered evidence, appellant, by motion under Rule 1.540, Florida Rules of Civil Procedure, or in the alternative by petition for a common law writ of error coram nobis, unsuccessfully sought relief in the probate division from an order entered some months earlier by that court. This appeal followed.
*812 The record discloses that the “newly discovered evidence” reposed in a file in the possession of counsel for appellant for some five months prior to the initial hearing and, as far as we can tell, at all pertinent times thereafter. The order in the original action was entered on October 2, 1980. The petition for relief was filed nine months later.
The order of October 2,1980 arose out of a probate proceeding on a petition to remove the personal representative of the estate. Rule 1.540, specifically, and the Florida Rules of Civil Procedure, generally, apply in probate proceedings only as provided in the Probate and Guardianship Rules. Fla.R.P. & G.P. 5.010. Pursuant to Rule 5.025(b)(2), the Rules of Civil Procedure are applicable in probate and guardianship matters only in adversary proceedings. Action to remove the personal representative of an estate is not an adversary proceeding to which the Rules of Civil Procedure are made applicable nor did the lower tribunal enter an order determining the matter to be an adversary proceeding. Fla.R.P. & G.P. 5.025. Accordingly relief was not available under Rule 1.540, Florida Rules of Civil Procedure.
The office of the writ of error coram nobis is to bring to the attention of the court, for correction, an error of fact— one not appearing on the face of the record, unknown to the court or the party affected, and which, if known in season, would have prevented the rendition of the judgment challenged.
Lamb v. State, 91 Fla. 396, 107 So. 535, 538 (1926). See also State v. Woods, 400 So.2d 456 (Fla.1981). To establish the sufficiency of an application for a writ of error coram nobis the alleged facts must be of such a vital nature that had they been known to the trial court, they conclusively would have prevented entry of the judgment. Id. Further, it must be shown that the party seeking relief (and his counsel) exercised ordinary and reasonable care and diligence to discover all facts pertinent to the issue tried but could not have known of or ascertained the “new” facts before judgment was rendered or a motion for new trial made. Lamb, 107 So. at 535. Appellant’s petition falls far short of these requirements. Accordingly, we need not and therefore do not determine whether a writ of error coram nobis, abolished by Rule 1.540, Florida Rules of Civil Procedure, remains a viable vehicle for review in probate proceedings to which the civil rules do not apply.
AFFIRMED.
DOWNEY and ANSTEAD, JJ., concur.