PER CURIAM.
The state appeals an order under Rule 3.850, Florida Rules of Criminal Procedure, which granted Morris’ motion for post-conviction relief. We reverse.
Morris moved to vacate her 1983 no contest plea to a charge of violation of section 893.13(1)(a), Florida Statutes (1981).[1] As a procedural matter her Rule 3.850 motion is time-barred, and Rule 3.850 was unavailable to her in any event, as she was not “in custody under sentence of a court,” id., or under supervision, at the time her motion was brought. State v. Barber, 301 So.2d 7, 10 (Fla.1974); see also Henzel v. State, 390 So.2d 397 (Fla. 3d DCA 1980), review denied, 399 So.2d 1143 (Fla.1981). In the event any further application for relief is made below, we note Morris’ principal ground for relief, that she was not advised of potential immigration law consequences of her plea, is foreclosed by State v. Ginebra, 511 So.2d 960 (Fla.1987).
The order under Rule 3.850 is reversed.

. The arrest affidavit alleged possession of thirty-six pounds of marijuana in appellee’s luggage, searched pursuant to consent at Miami International Airport.