PER CURIAM.
Mr. Saccucci appeals the summary denial of his motion for postconviction relief and petition for writ of error coram nobis. We affirm without prejudice to any other remedies which Mr. Saccucci may pursue.
Mr. Saccucci seeks to vacate a February 1971 conviction for “crimes against nature.” The statute under which he was charged, section 800.01, Florida Statutes (1971), was declared unconstitutional a few months after the judgment and sentence in his case. Franklin v. State, 257 So.2d 21 (Fla.1971). Mr. Saccucci pled guilty and did not appeal his conviction.
In 1986 Mr. Saccucci returned to prison for two counts of DUI manslaughter. The prior conviction assumed an unanticipated significance as a result of these new convictions. Mr. Saccucci has calculated that the effect of this ancient “sex offense” has extended his presumptive parole release date from February 1992 to October 1994.[1]
The state correctly responds that the motion is barred by the two-year limitations period now included within Florida Rule of Criminal Procedure 3.850, and that coram nobis is not an appropriate remedy under the circumstances of this case.[2] Although there are exceptions to the two-year limitation, Mr. Saccucci’s unanticipated legal problems do not fall within any recognized exception.
It is possible that Mr. Saccucci has some remedy to eliminate the continuing collateral consequences of an invalid conviction, if the allegations in his motion are correct. In its present posture, the dispute does not concern, per se, the validity of Mr. Saccucci’s 1971 conviction so much as the detrimental reliance upon that conviction allegedly occurring at his current place of confinement. There may be administrative remedies available to Mr. Saccucci. See Morris v. Wainwright, 409 So.2d 1161 (Fla. 1st DCA 1982); Cole v. Dugger, 543 So.2d 1296 (Fla. 1st DCA 1989). Alternatively, habeas corpus in the jurisdiction where he is incarcerated might provide a remedy.[3] We hold only that the trial court was correct in refusing to address Mr. Saccucci’s particular grievance via rule 3.850 or cor-am nobis.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER and ALTENBERND, JJ., concur.

.Mr. Saccucci’s reference to "parole” is confusing. Under the applicable sentencing guidelines, his new convictions should not be subject to parole. § 921.001(10), Fla.Stat. (1987). We assume from his arguments that Mr. Saccucci is actually concerned with a loss of "provisional credits” for gain time because he has been classified as a "sex offender.” § 944.277(l)(c), Fla. Stat. (1988 Supp.) Alternatively, it is possible that Mr. Saccucci’s 1986 sentence concerns a violation of an earlier probationary sentence and that his reference to parole is correct.

. See Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934) (coram nobis exists to correct errors of fact, not errors of law).

. We are not holding that habeas corpus does provide a remedy. The scope of this writ has been altered by the addition of rule 3.850. Earlier case law which has not been expressly overruled at least suggests a possible remedy. Bronk v. State, 43 Fla. 461, 31 So. 248 (1901); State ex rel. Smith v. Cochrane, 112 So.2d 605 (Fla. 2d DCA 1959).