575 So.2d 310 (1991)
Kenneth LAMB, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00076.
District Court of Appeal of Florida, Second District.
February 27, 1991.
ALTENBERND, Judge.
The defendant filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on September 25, 1990. The motion relates to a judgment and sentence entered on February 26, 1986. We affirm the trial court's denial of the motion because it was untimely.
The defendant's motion alleges that he pleaded guilty to attempted sexual battery due to the incompetence of his trial counsel. When the defendant pleaded guilty to this offense in 1986, he received five years' probation as a downward departure sentence under a plea agreement. The scoresheet reflects that the state offered this plea agreement because the victim did not wish to testify and there was a question concerning the defendant's identity as the assailant.
The defendant filed no motion for post-conviction relief while he was on probation. In June 1989, the defendant's probation was revoked as a result of new offenses which he had committed during the probationary period. The defendant then received a sentence of fifteen years' incarceration. The defendant's motion does not challenge any error occurring at the sentencing in 1989. Instead, he challenges the conduct of his original attorney in 1986.
For purposes of rule 3.850, the defendant was "in custody under sentence" during the period of court-ordered probation. State v. Bolyea, 520 So.2d 562 (Fla. 1988). Accordingly, absent either facts which were unknown and could not be ascertained by the exercise of due diligence or a retroactive *311 change in a fundamental constitutional right, the defendant was obligated to file his motion within two years of the finality of the judgment and sentence. The defendant failed to do this.
Affirmed.
PARKER, A.C.J., and PATTERSON, J., concur.