## STATE OF FLORIDA v HOWARD
### Case No. 91-17AC
Seventeenth Judicial Circuit, Broward County

July 9, 1991

**APPEARANCES OF COUNSEL**

**Joel Silvershein,** Assistant State Attorney, for appellant.

**Mark P. Bockstein, Esquire,** for appellee.

Before WILLIAM P. DIMITROULEAS, Circuit Judge.

### OPINION OF THE COURT
*ORDER REVERSING VACATION OF ADJUDICATIONS*

The State appeals the granting of a Motion to Vacate adjudications of guilt of three driving on suspended license convictions. The State has the right to take this appeal. *See, State v White,* 470 So.2d 1377 (Fla. 1985) and *State v Sireci,* 502 So.2d 1221 (Fla. 1987). For the reasons set forth below, the vacation of the adjudications is reversed.

The Appellee pled guilty to three driving on suspended license charges and was adjudicated guilty of those charges by Judge Alfred

Skaf on July 1, 1987 and October 22, 1987. An unsworn Motion to overturn those adjudications was filed on January 14, 1991. The lower court granted that relief after a short hearing on February 28, 1991. The State timely filed a Notice of Appeal. In the Appellant's brief, the State claims that the order should be reversed because the motion was procedurally defective in three respects; firstly, among other faults, it was unsworn; secondly, that the motion is time-barred; thirdly, that the Appellant did not have standing to file such a motion. The Appellee has filed written communication with the Court explaining the failure to file a brief. *See, Lakes of Emerald Hills v Silverman,* 558 So.2d 442 (Fla. 4th DCA 1990).

First, a Motion for post-conviction relief must allege certain facts, and the Defendant must personally swear to it. Fla.R.Cr.Proc., Rule 3.850 and *Scott v State,* 464 So.2d 1171 (Fla. 1985). However, the State failed to object to this procedural defect in the lower court and should not be heard to complain on that issue on appeal, it having been waived by the lack of objection. *See e.g., State v Mayle,* 406 So.2d 108 (Fla. 5th DCA 1981) and *Goodmakers v State,* 450 So.2d 888 (Fla. 2d DCA 1984).

Second, the Defendant's Motion was defective in that it was filed over two (2) years after the convictions became final. *See, Lamb v State,* 575 So.2d 310 (Fla. 2d DCA 1991). There were no allegations in the Motion that the claims could not have been ascertained by due diligence. *See, Spaziano v State,* 570 So.2d 289 (Fla. 1990). Consequently, the lower court did not have jurisdiction to entertain the motion, and the lower court erred by granting relief.

Third, the Defendant has no standing to claim relief. *State v Lashey,* 513 So.2d 1372 (Fla. 2d DCA 1987), *see also, Levoyant v State,* 561 So.2d 343 (Fla. 2d DCA 1990) and *Saccucco v State,* 546 So.2d 1154 (Fla. 2d DCA 1989). Since the Appellant is no longer in custody, and because there are no allegations that the convictions have resulted in an enhancement of another sentence, the court erroneously granted the relief. *See, Wall v State,* 525 So.2d 486 (Fla. 1st DCA 1988).

Finally, the Court erred in granting this post-conviction relief. *See, State v Morris,* 538 So.2d 514 (Fla. 3d DCA 1989). Any discretion that the court may have had to mitigate the adjudications was lost sixty (60) days after the convictions were imposed. *See, Sanchez v State,* 541 So.2d 1140 (Fla. 1989).

WHEREFORE, the vacations of the convictions are Reversed and Remanded for proceedings not inconsistent with this opinion.

DONE AND ORDERED at Fort Lauderdale, Broward County, Florida, this 9th day of July 1991.