PER CURIAM.
This is an appeal by the defendant Hiram Jerome Mitchell from a judgment of conviction and sentence for aggravated assault with an automobile on a law enforcement officer. We affirm.
First, we find no merit in the defendant’s point that the trial court erred in denying the defendant’s motion for judgment of acquittal. We conclude that the testimony adduced at trial by the law enforcement officer-complainant in this case, if believed, was sufficient to sustain a conviction for aggravated assault on a law enforcement officer. § 784.07, Fla.Stat. (1991); State v. Law, 559 So.2d 187 (Fla.1989); Lynch v. State, 293 So.2d 44, 45 (Fla.1974); Busch v. State, 466 So.2d 1075, 1079 (Fla. 3d DCA 1984).
Second, we find no merit in the balance of the defendant’s points on appeal, (a) The trial court properly allowed the state to exercise a peremptory challenge on two black jurors because a race-neutral, non-pretextual reason was given by thé state for striking these jurors. State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct, 2873, 101 L.Ed.2d 909 (1988); McNair v. State, 579 So.2d 264 (Fla. 2d DCA 1991). (b) The trial court properly admitted the testimony of the complainant-law enforcement' officer that had he not jumped out of the way, the defendant would have struck him with the car which the defendant was driving directly at him. § 90.701(1), Fla.Stat. (1991); Floyd v. State, 569 So.2d 1225, 1231-32 (Fla.1990), cert. denied, — U.S.-, 111 S.Ct. 2912, 115 L.Ed.2d 1075 (1991); Kersey v. State, 73 Fla. 832, 74 So. 983 (1917). (c) The prosecutor’s unobjected-to comments to the jury in final argument do not present fundamental error. Pope v. Wainwright, *1270 496 So.2d 798, 802 (Fla.1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1617, 94 L.Ed.2d 801 (1987); State v. Cumbie, 380 So.2d 1031 (Fla.1980).
Affirmed.