PER CURIAM.
A seven-count information was filed against the appellant, Jose Pacheco, charging him with assaulting a police officer by driving a motor vehicle at the officer; grand theft third degree of a vehicle; burglary of an unoccupied vehicle with intent to commit theft; possession of burglary tools; resisting arrest without violence; possession of drug paraphernalia; and attempting to elude a law enforcement officer in a high speed chase.[1] Appellant was tried by a jury and convicted on all counts; The trial court, finding that appellant was both a violent career criminal and a prison releasee offender, sentenced the appellant to forty (40) years in prison with a fifteen (15) year minimum mandatory term. This appeal followed.[2]
*460 In his first argument, the appellant claims that the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support a conviction on any of the five charges. Because we find that the evidence was properly submitted to a jury, we affirm the denial of the motion for judgment of acquittal and the appellant’s conviction. See Mitchell v. State, 611 So.2d 1269 (Fla. 3d DCA 1993)(testimony given by law enforcement officer at trial, if believed, was sufficient to sustain a conviction). See also Busch v. State, 466 So.2d 1075, 1079 (Fla. Ed DCA 1984)(stating that “[a] motion, for judgment of acquittal should not be granted unless it is apparent that no legally sufficient evidence has been submitted under which a jury could legally find a verdict of guilty ”)(citing Lynch v. State, 293 So.2d 44, 45 (Fla.1974)).
Appellant also challenges his dual sentence, as a violent career criminal and a prison releasee offender, as a violation of his constitutional protection against double jeopardy. The Supreme Court of Florida has recently held that the sentencing of a defendant as both a prison releasee reof-fender and a habitual felony offender does not violate the constitutional protection against double jeopardy. See Grant v. State, 770 So.2d 655, 658-59 (Fla.2000)[3]; see also Brandon v. State, 768 So.2d 1189 (Fla. 3d DCA 2000)(citing Alfonso v. State, 761 So.2d 1231 (Fla. 3d DCA 2000)). Accordingly, we affirm the sentence in this case.
Affirmed.

. At the close of the State’s case, the resisting arrest and drug paraphernalia charges were nolle prossed.

. Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), appellate counsel moved for a temporary remand so that the trial court could hear a motion to correct sentence on the grounds that it was unconstitutional to sentence appellant as both a violent career criminal and a prison releasee offender. The trial court denied the motion.

. Grant was released on the same day as the oral argument in this case, and thus the parties did not have the benefit of the supreme court’s opinion when briefing and arguing this case.