994 So.2d 1186 (2008)
Jiviarus HUNT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-2276.
District Court of Appeal of Florida, Third District.
November 12, 2008.
*1187 Jiviarus Hunt, in proper person.
Bill McCollum, Attorney General, for appellee.
Before SUAREZ, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, J.
The defendant, Jiviarus Hunt, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In 2001, the defendant was charged in case number 01-4833A with eighteen offenses, including armed burglary and grand theft of a firearm. Moreover, in case numbers 01-5298A, 01-5300A, and 01-5301A, the defendant was charged with burglary of an unoccupied dwelling and other offenses. On May 8, 2001, the defendant entered into a plea as to all cases, and he was sentenced to 180 days incarceration to be mitigated to boot camp,[1] followed by concurrent terms of either five or ten years of probation for the felonies, and credit for time served for the misdemeanors.
In each of the defendant's four cases, affidavits were filed alleging that the defendant violated his probation by committing the subsequent offense of cocaine possession, failing to make full and truthful reports to his probation supervisor, and failing to make a single payment towards his restitution obligations. Following a hearing before a successor judge, Judge Leonard Glick, the defendant's probation was revoked. The lengthiest sentence the defendant received for each of his four cases is as follows: thirty years for armed robbery in case number 01-4833A; and fifteen years for the burglaries of an unoccupied dwelling in case numbers 01-5298A, 01-5300A, and 01-5301A. Judge Glick ordered that the counts within each case number were to run concurrently, but the cases were to run consecutively. Therefore, the defendant was sentenced to a total of seventy-five years in prison.
The defendant appealed the revocation of his probation to this Court. The defendant argued in part that the "sentence imposed by the trial court was illegal because it exceeded the maximum period of incarceration allowed after completion of boot camp." Specifically, the defendant argued that even though the trial court "did not state in so many words that [the defendant] was being sentenced as a youthful offender," the transcript indicates that he was sentenced as a youthful offender. Thus, pursuant to statute, following the violation of his probation, the trial court could not impose a period of incarceration that exceeds 364 days. In response, the State argued that the defendant was not sentenced as a youthful offender, and therefore, he is not entitled to the benefits of the youthful offender statute. This Court issued a per curiam affirmance on December 8, 2004, Hunt v. State, 888 So.2d 643 (Fla. 3d DCA 2004), *1188 and mandate issued on December 28, 2004.
On September 7, 2005, the defendant filed a motion for postconviction relief, arguing, in part, that the trial counsel who represented him at the plea hearing provided ineffective assistance of counsel because he failed to clarify that the defendant was being sentenced as a youthful offender. The trial court summarily denied the motion, and this appeal followed.
First, we conclude that the defendant's motion for postconviction relief was untimely filed. See Lamb v. State, 575 So.2d 310 (Fla. 2d DCA 1991) ("[A]bsent either facts which were unknown and could not be ascertained by the exercise of due diligence or a retroactive change in a fundamental constitutional right," Lamb's rule 3.850 motion for postconviction relief was untimely as it was not filed "within two years of the finality of the judgment and sentence," even though motion was filed within two years of the revocation of his probation.)
Even if timely filed, we conclude that, based on our review of the portions of the record attached to the trial court's order, including, the plea transcript, the defendant's argument lacks merit as there was nothing for trial counsel to "clarify." The plea colloquy between the initial judge and the defendant clearly indicates that the defendant was not sentenced as a youthful offender. In fact, the initial judge informed the defendant that if he violated his probation he would be facing a very lengthy prison sentence:
THE COURT: You mess up, after a hearing you are looking at up to fifteen years on that burglary of a dwelling, five years on the grand theft, and life on the armed burglary, you understand that?
THE DEFENDANT: Yes.
. . . .
THE COURT: . . . You keep clean, you will be fine. If you don't, kiss your butt goodbye and you will be going off for a long time.
As to the remaining allegations raised in the defendant's motion for postconviction relief, we find that they are conclusively refuted by the record and without merit. Accordingly, we affirm the trial court's order denying the defendant's rule 3.850 motion for postconviction relief.
Affirmed.
NOTES
[1] Due to health reasons, the defendant could not complete boot camp, and the trial court modified his sentence from boot camp to the New Hope Program, which the defendant completed.