*177
 
 JACOBUS, J.
 

 The Appellant, Saundra Jones-Bishop, appeals from a non-final order determining beneficiaries and striking a prior order of summary administration entered by the lower court. This Court has jurisdiction pursuant to rule 9.180(a)(4).
 
 [1]
 
 Because the order of summary administration is voidable rather than void, we reverse.
 

 The Appellant is the granddaughter of the decedent. The decedent died testate on June 18, 2004. There was no administration of her estate until August 22, 2006, at which time the Appellant filed a petition for summary administration. The beneficiaries of the decedent’s will were all her great-grandchildren and did not include the Appellant.
 

 In 1991, the Appellant purchased a home located at 829 S. Washington Ave., and the decedent cosigned the mortgage with her so that she would qualify for the financing. At the closing, the title company insisted that the decedent be included on the title to the property as a tenant in common. As a result of the way title was held, the one-half interest in the property became an asset of the decedent’s estate upon her death.
 

 At the time the Appellant filed her petition for summary administration, all the named beneficiaries under the will joined in the petition. They filed affidavits indicating that they were making no claim to the property and it should be the sole property of the Appellant. Based upon the petition, the court entered an order of summary administration on August 22, 2006, transferring the interest in the 829 S. Washington Ave. property to the Appellant.
 

 On September 12, 2006, Rudophus Jackson, who is the Appellant’s brother and the named Personal Representative in the decedent’s will, filed a petition for administration. The petition for administration filed by Mr. Jackson received the same case number as the petition for summary administration filed by the Appellant. Nothing more was done on the case until September 17, 2008, at which time Mr. Jackson filed a petition to set aside the order of summary administration. In that petition, Mr. Jackson argued that the order was void and he asked for a determination of beneficiaries from the court. On November 20, 2008, the court entered an order setting aside the order of summary administration and made a determination of beneficiaries. It is from that order that the Appellant appeals.
 

 The Appellee’s position is that the Appellant had no standing to file the petition for summary administration as she is not one of the proper parties set forth in section 735.203(1), Florida Statutes (2008), authorized to bring the petition. Therefore, as asserted by the Appellee, the order of summary administration is void and has no legal effect. The Appellee is incorrect in this position. The order of August 22, 2006, is at best voidable. That is, a judgment that is entered based upon some error in procedure may be vacated, but unlike a void judgment, it has legal force and effect unless it is vacated.
 
 See Sterling Factors Corp. v. U.S. Bank Nat’l Ass’n,
 
 968 So.2d 658, 665 (Fla. 2d DCA 2007). All of the beneficiaries of the will consented to the petition and rule 5.530(b)
 
 [2]
 
 does not require any notice to the Personal Representative.
 

 The motion to set aside the order of summary administration is in the nature of
 
 *178
 
 a rule 1.540(b)(4)
 
 [3]
 
 motion. The law provides that a rule 1.540(b)(4) motion may be brought in a probate proceeding where the circumstances warrant it.
 
 See Bostwick v. Cowan’s Estate,
 
 326 So.2d 454 (Fla. 1st DCA 1976);
 
 cf. In re McLarty’s Estate,
 
 421 So.2d 811 (Fla. 4th DCA 1982). However, in the instant case, there was no legal basis for the trial court to set aside the order of summary administration entered August 26, 2006, as the order was not void as asserted by the Appellee.
 

 Therefore, we remand to the trial court to vacate its November 20, 2008, order setting aside the order of summary administration and reinstate the order of August 22, 2006.
 

 REVERSED and REMANDED.
 

 SAWAYA and ORFINGER, JJ, concur.
 

 [1]
 

 . Fla. R.App. P. 9.130(a)(4).
 

 [2]
 

 . Fla. Prob. R. 5.530(b).
 

 [3]
 

 . Fla. R. Civ. P. 1.540(b)(4).