**Johnny Paul WITT, Petitioner,**

v.

**Louie L. WAINWRIGHT, etc., et al., Respondents.**

**No. 81–5750.**

United States Court of Appeals, Eleventh Circuit.

Jan. 4, 1984.

William C. McLain, Asst. Public Defender, Bartow, Fla., for petitioner.

Robert J. Landry, Asst. Atty. Gen., Tampa, Fla., for respondent.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion September 16, 1983, 11th Cir., 1983, 714 F.2d 1069)

Before RONEY and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Since the publication of this opinion, the Supreme Court has decided *Wainwright v. Goode,* —— U.S. ——, 104 S.Ct. 378, 78 L.Ed.2d 187. Its opinion there invalidates the decision contained in Section V of our opinion. Therefore, the opinion is modified by striking all of Part V and substituting the following in lieu thereof:

## V. CONSIDERATION OF NON–STATU-TORY AGGRAVATING CIRCUMSTANCES

This issue has now been decided adversely to Witt by the Supreme Court in *Wainwright v. Goode,* —— U.S. ——, 104 S.Ct. 378, 78 L.Ed.2d 187.

The opinion is further modified by striking the second full paragraph on page 1083 of 714 F.2d and substituting the following paragraph therefor:

The State's second argument is that the *Granviel* case, upon which we rely is factually distinguishable because the venireperson there was asked only about his inability to sentence to death, whereas here the prospective juror was also asked about the effect of her conscientious scruples upon her ability to determine impartially petitioner's guilt or innocence. This argument is unpersuasive because, while we are bound by *Granviel* as to the first prong of the inquiry, *Burns* controls our determination as to the second—that

is whether Mrs. Colby's beliefs would "prevent" her "from making an impartial decision as to the defendant's *guilt."* *Witherspoon,* 391 U.S. at 522 n. 21, 88 S.Ct. at 1777 n. 21 (emphasis in original). As discussed above, Mrs. Colby's *"thinking"* her belief would "interfere with judging guilt or innocence" does not change the posture of the case in favor of the disqualification. *Burns v. Estelle, supra* at 398.

The Petition for Rehearing is DENIED. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is DENIED.

Judge Roney would grant rehearing to reconsider the *Witherspoon* issue in light of the en banc opinion in *McCorquodale v. Balkcom,* 721 F.2d 1493 (11th Cir.1983) (en banc).