MILLS, Judge.
Love appeals from his conviction of two counts of grand theft. He challenges the adequacy of the charging document as to one count and the sufficiency of the evidence against him as to both counts. We affirm.
The gist of the allegations was that Love, while a captain in the Florida Highway Patrol, had the costs of repairs to his personal tractor charged to the State and had parts replaced on a Florida Highway Patrol car at state expense after arranging to purchase the car himself.
Love first contends Count II of the information was vague, failed to charge a crime, and should have been dismissed. Count II of the information stated:
And DONALD S. MODESITT, as State Attorney aforesaid, further charges that JAMES EDWARD LOVE between the 1st of MARCH, 1980, and the 7th of APRIL, 1980, in the County of Suwannee and State of Florida, did knowingly obtain or use, or did endeavor to obtain or to use United States currency or new parts for an automobile of the value of $100.00 or more, the property of the STATE OF FLORIDA, with the intent to permanently deprive the STATE OF FLORIDA of a right to the property or a benefit therefrom or to appropriate the property to his own use or to the use of any person not entitled thereto, by having MOTT CHRYSLER-PLYMOUTH, INC., install new engine parts on Florida Highway Patrol motor vehicle number 208 shortly before the vehicle was to be traded in and then purchasing the vehicle personally, contrary to Section 812.014, Florida Statutes.
*299 To dismiss an information for vagueness, the information must be “so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.” Florida Rule of Criminal Procedure 3.140(o). Count II tracked the language of Section 812.014, Florida Statutes (1981). Count II also described with some particularity the alleged factual events the State considered a violation of the statute. The trial court properly denied Love's motion to dismiss Count II. State v. Dilworth, 397 So.2d 292 (Fla.1981).
Love also contends the evidence against him was legally insufficient and, therefore, the trial court erred in denying his motion for judgment of acquittal allowing the case to go to the jury. A defendant moving for judgment of acquittal admits the facts adduced in evidence and every conclusion favorable to the State fairly and reasonably inferable therefrom. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). After carefully reviewing the record, we cannot say the State failed to present a prima facie case.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.