455 So.2d 1071 (1984)
David Kevin KISER, Appellant,
v.
STATE of Florida, Appellee.
No. AW-104.
District Court of Appeal of Florida, First District.
August 29, 1984.
Rehearing Denied October 8, 1984.
*1072 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Andrea Smith Hillyer, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This appeal is from a sentence imposed by the trial court pursuant to the sentencing guidelines, rule 3.701, Florida Rules of Criminal Procedure. See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). Appellant argues that the sentence was improperly imposed as he had not made a "knowing and intelligent" election to be sentenced under the guidelines, and because the trial court relied on improper factors to depart from the guidelines. We affirm.
Appellant's first argument must fail in light of our very recent decision in Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984), in which we rejected an identical contention, holding that a defendant's "affirmative selection" and not his "knowing and intelligent election" is all that is necessary to be sentenced pursuant to the guidelines when the offense was committed prior to the effective date of the rule. See also In re Rules of Criminal Procedure.
Appellant's second contention is similarly without merit. Appellant was adjudicated guilty of burglary of a dwelling, which carried with it a recommended sentence of three years under the guidelines. However, the trial court departed from the guidelines and sentenced appellant, over objection, to ten years in state prison. The court's reasons for doing so were as follow:
Mr. Kiser, this sentence has been imposed outside the sentencing guidelines. It has been imposed because of your total disregard for the rights of others, particularly the property rights of others. Your long criminal record since 1973 indicates that you do have such a total disregard for the rights of others. You were in an extremely dangerous position when you broke into the house on the beach, both for yourself and for the officer that arrested you [Appellant was armed with a kitchen knife].
You show that you have continued the life of crime and I am led to believe from your prior record that there is absolutely no hope to rehabilitate you.
I have for this reason gone outside the sentencing guidelines. I have refused to go outside the sentencing guidelines in a large majority of cases because I think it is my duty to follow the sentencing guidelines but that now is the law of the State of Florida. But I have an equal duty to stop people, like you, who just continue to violate the law and have no hope of making yourself a productive citizen.
For that reason I've gone outside the guidelines. The record will reflect that *1073 he has affirmatively chosen the guidelines. That his sentence would have been considerably less than the ten years imposed and he has a right to appeal on that issue. That right to appeal also extends for thirty days.
Appellant argues that the trial court's reasons were premised primarily on appellant's prior record, which was already taken into account in computing the recommended sentence of three years, and were therefore improper. Again, we must disagree.
Rule 3.701d.11 authorizes departure from the presumptive sentence where there are "clear and convincing reasons to warrant aggravating or mitigating the sentence." The only condition imposed by this rule as it existed at the time of appellant's sentencing was:
Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
Certainly, here, the trial court considered neither factors relating to the instant offense for which convictions had not been obtained, nor factors relating to prior arrests without convictions; instead, the court reviewed the circumstances of the present offense. We cannot say that in doing so, the trial court abused its discretion. Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984).
The court also considered appellant's "pockmarked" record concluding that appellant was totally unamenable to rehabilitation. This consideration is not too unlike that given by the trial court in Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), in which we held that consideration given to the "timing" of the various offenses, i.e., the defendant's establishing a pattern of committing new crimes within a short time after his release from any incarceration, was not precluded by the rule as a reason for departure from the recommended guideline sentence. See also Hendrix v. State, 450 So.2d 298 (Fla. 5th DCA 1984); and Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984).
AFFIRMED.
SMITH and WENTWORTH, JJ., concur.