465 So.2d 510 (1985)
Johnny Paul WITT, Appellant,
v.
STATE of Florida, Appellee.
No. 66626.
Supreme Court of Florida.
March 4, 1985.
*511 James Marion Moorman, Public Defender and W.C. McLain, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Jim Smith, Atty. Gen. and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Johnny Paul Witt, appeals from the trial court's denial of post-conviction relief under Florida Rule of Criminal Procedure 3.850 and petitions this Court for a stay of execution. He also requests that we treat this appeal as a petition for a writ of habeas corpus or, in the alternative, for leave to file a petition for writ of error coram nobis. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We deny all relief.
There have been multiple appellate proceedings concerning Witt's conviction for first-degree murder and his sentence of death. This Court affirmed, on the merits, Witt's conviction and sentence in Witt v. State, 342 So.2d 497 (Fla.), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977), and, in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), this Court, in an extensive opinion, affirmed the trial court's denial of Witt's request for post-conviction relief in which Witt raised six issues for the court's consideration. Thereafter, Witt also was a party in a petition for habeas corpus to this Court which alleged the improper use of non-record sentencing information by the Supreme Court of Florida. This petition was denied. Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied, 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981). In Witt v. Wainwright, 714 F.2d 1069 (11th Cir.1983), modified, 723 F.2d 769 (11th Cir.1984), the Eleventh Circuit Court of Appeals found that the trial court had committed constitutional error when it dismissed for cause a prospective juror who had expressed her opposition to the death penalty. The United States Supreme Court reversed this holding, finding that the juror had been properly excused because her views would have prevented or substantially impaired the performance of her duties as a juror. Wainwright v. Witt, ___ U.S. ___, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).
In this second petition for post-conviction relief, Witt raises two points. First, he asserts that his trial counsel was ineffective for failing to adequately investigate and develop as mitigating evidence that he had suffered severe mental and emotional difficulties as a result of organic brain damage. Second, he argues the jury that convicted and sentenced him was unconstitutionally composed and prone to convict because potential jurors were excluded for cause based on their opposition to the death penalty. He asserts that we should apply the recent decision of the Eighth Circuit Court of Appeal in Grigsby v. Mabry, 758 F.2d 226 (8th Cir.1985), in which that court held that the exclusion of jurors who oppose the death penalty results in a conviction-prone jury.
The trial court denied the petition for relief on the ground that it was a successive petition in violation of the new Florida Rule of Criminal Procedure 3.850 which became effective January 1, 1985. The trial court specifically noted that the petition raised matters which could have been raised in Witt's first motion for post-conviction relief and that there were insufficient facts on the record to excuse this abuse of procedure. Further, the trial court held that an evidentiary hearing was not required on either the petition for post-conviction relief or Witt's motion regarding the abuse of the successive-petition rule.
Witt now argues that the trial court erred in denying his petition for post-conviction relief without addressing the merits of the claims presented, and without an evidentiary hearing on the question of whether the petition was an improper, successive request for post-conviction relief in violation of rule 3.850. We find that the trial court properly denied relief.
The relevant portion of rule 3.850 reads as follows:

*512 A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
This rule is similar to Rule 9(b), Rules Governing § 2254 Cases in the United States District Court.
A second petition for post-conviction relief under rule 3.850 may be dismissed as an abuse of procedure unless the petitioner shows justification for the failure to raise the issues in the first petition. This justification could be established by a showing in his petition that there has been a change in the law since the first petition or that there are facts relevant to issues in the cause that could not have been discovered at the time the first petition was filed. These two examples are not intended to set forth the exclusive means to justify a second petition.
We conclude that Witt has not presented sufficient grounds to justify the filing of this successive petition. His counsel during his first post-conviction relief proceeding considered but did not raise the issue of ineffective assistance of counsel. In our view, once a conscious decision not to raise the issue has been made, the issue falls squarely within the category of successive petitions prohibited by rule 3.850. Further, we reject his contention that the Eighth Circuit Court of Appeals' decision in Grigsby, holding that the excusal for cause of jurors who oppose the death penalty violates the sixth amendment right to an impartial jury, constitutes a change of law which justifies a reconsideration of the issue in this cause. The United States Supreme Court recently rejected this argument in Sullivan v. Wainwright, 464 U.S. 109, 104 S.Ct. 450, 78 L.Ed.2d 210 (1983), and this Court has also specifically rejected this argument. Caruthers v. State, 465 So.2d 496 (Fla. 1985); Copeland v. State, 457 So.2d 1012 (Fla. 1984); Gafford v. State, 387 So.2d 333 (Fla. 1980). Further, it is important to recognize that only this Court and the United States Supreme Court can adopt a change of law sufficient to support a post-conviction challenge. Witt v. State, 387 So.2d 922 (Fla. 1980). An alleged change in law emanating from an intermediate federal court does not constitute a change which must be given consideration in a 3.850 proceeding.
We find that the motion and record conclusively demonstrate that Witt is not entitled to relief and that the trial court properly denied an evidentiary hearing in this cause. See Jackson v. State, 438 So.2d 4 (Fla. 1983); Riley v. State, 433 So.2d 976 (Fla. 1983).
Although not necessary, we address Witt's claim of ineffective assistance of counsel and find that it also fails on the merits. The record reflects that Witt was examined by two court-appointed psychiatrists who found him competent to stand trial and competent at the time of the offense. Defense counsel, during the course of the trial, established mitigating evidence by his cross-examination of these psychiatrists. These doctors testified at trial that Witt suffered from a personality disorder and was emotionally and mentally disturbed. Witt's trial counsel also stated that he would have called one of the doctors to testify had the state not done so. Further, trial counsel introduced evidence of Witt's discharge from the military because of emotional problems, which also clearly documented Witt's history of emotional instability.
Witt now argues that trial counsel was ineffective because of his failure to obtain an additional mental health professional who would have further established Witt's mental health problems by diagnosing organic brain damage. There is no question that the jury in this cause knew that Witt was mentally disturbed. Under the facts of this case, we find there is no showing that Witt was denied effective assistance of counsel under the standard enunciated in *513 Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).
Witt has requested that we also treat this appeal as a petition for a writ of habeas corpus or petition for leave to file a petition for writ of error coram nobis. We find that Witt is not entitled to either writ. We have repeatedly stated that a petition for a writ of habeas corpus cannot be used as a vehicle to present issues that should have been raised on appeal. McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983); Hargrave v. Wainwright, 388 So.2d 1021 (Fla. 1980). Further, a writ of error coram nobis is used to correct errors of fact, not errors of law. Leavitt v. State, 116 Fla. 738, 156 So. 904 (1934). The evidence upon which Witt's petition is based is insufficient to warrant the issuance of the requested writ.
Accordingly, the trial court order denying the petition for post-conviction relief is affirmed and Witt's petition for a stay of execution is denied.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.