474 So.2d 331 (1985)
Robert O. LITTLE and Lonnie L. Williams, Appellants,
v.
STATE of Florida, Appellee.
No. AW-147.
District Court of Appeal of Florida, First District.
July 30, 1985.
Rehearing Denied September 11, 1985.
Michael E. Allen, Public Defender; and Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., Mark C. Menser and Gregory Smith, Asst. Attys. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Robert O. Little and Lonnie L. Williams appeal their convictions for armed robbery and contend six errors were committed by the trial court. We affirm the convictions and sentences and comment as follows on two of the errors alleged by the appellants.
An armed robbery occurred on March 29, 1983, in Duval County. The Duval police had an arrest warrant on April 23, 1983, for Little for the offense after he was identified by a victim from a photo spread. The police went to an apartment to make the arrest after a tip from a confidential informant that Little and another person were there. When the four officers arrived, Williams answered the door. The police identified themselves and announced they were there on police business. When it appeared Williams was closing the door on them, the police entered the apartment, backed Williams against the wall, and handcuffed him. Because the police did not believe Williams' statement that Little was not present, they searched the apartment. They did not find Little but they did find photographs of Little and Williams posing with their guns pointing at the photographer, and a bag with a gun protruding from it. The police asked Williams his name, he responded, and added he was just released from prison. After making a routine check on him, they discovered he was a convicted felon and he was then arrested for possession of a firearm by a convicted felon. Shortly thereafter Little arrived and *332 was arrested. The victims of the robbery identified Williams by a photo spread and appellants were charged by separate informations on May 12, 1983, with armed robbery. Their cases were consolidated over objections from both.
The trial judge erroneously admitted into evidence the photographs seized during the search over the objections of the defendants. As to their relevancy, there is no evidence as to where or when the photographs were taken. They do not depict a prior similar act of robbery. The record does not reveal that the association of appellants was at issue and the photos were therefore not properly admitted as probative of that issue. Nor were any of the four guns seen in the photographs positively identified as those used in the robbery. Moreover, the prosecution had placed two guns into evidence which it alleged were those used in the robbery. We also find that the photographs were likely to be unfairly prejudicial to the appellants because the poses would suggest to the jury that appellants were of poor character. We conclude that the photos were irrelevant, not material to any issue in controversy, and had a tendency to be inflammatory and potentially confusing to the jury.
Notwithstanding the error committed in the admission of the photographs, the convictions are affirmed, as we find that the error was harmless. There was ample evidence of the appellants' guilt by the positive identification made by the victims who testified at trial. The outcome of the trial was not affected by the admission of the photographs and the trial judge committed only harmless error. Wallace v. Rashkow, 270 So.2d 743 (Fla. 3d DCA 1972).
Having made an election to be sentenced under the sentencing guidelines, the appellants now claim error by the trial court because the record is void of any determination by the court that the appellants' election was a knowing and intelligent waiver of their right of parole eligibility. No such requirement is placed on the trial court. Johnson v. State, 462 So.2d 49 (Fla. 1st DCA 1984); Jones v. State, 459 So.2d 1151 (Fla. 1st DCA 1984); Coates v. State, 458 So.2d 1219 (Fla. 1st DCA 1984); Moore v. State, 455 So.2d 535 (Fla. 1st DCA 1984).
Having found no reversible error, the convictions and sentences are AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.