WENTWORTH, Judge.
In Case No. BA-16 appellant seeks review of judgments of conviction and sentences for offenses involving vehicle identification numbers, applications, and certificates as proscribed by § 319.33, Florida Statutes. In Case No. BA-17, appellant seeks review of a sentence imposed upon a revocation of probation. We find that sentencing errors exist in both cases; we therefore vacate the sentences imposed and remand for resentencing.
In Case No. BA-16 the court adjudged appellant to be an habitual offender pursuant to § 775.084, Florida Statutes. Appellant’s counsel argued that the protection of the public did not require appellant’s imprisonment for an extended term. The court made no specific finding in this regard, and utilized the sentencing guidelines to impose a sentence within the permissible statutory range without resort to an extended term under the habitual offender law. However, the state suggested to the court that an habitual offender classification would allow the recommended guidelines sentence to be doubled, and the court did so exceed the guidelines recommendation without providing a separate written statement expressing the court’s reason for this departure. An accompanying written statement delineating the reasons for the departure, as required by Fla.R.Crim.P. 3.701(d)(11), is essential in these circumstances. See Holt v. State, 472 So.2d 551 (Fla. 1st DCA 1985); Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984). It is therefore necessary that appellant’s sentences in Case No. BA-16 be vacated, and on remand if the guidelines are utilized the court must provide an accompanying written statement should it again depart from the recommended sentence.
In Case No. BA-17 appellant’s probation was revoked and he elected application of the sentencing guidelines. The court then imposed a term of imprisonment which exceeded the recommended guidelines sentence. Florida Rule of Criminal Procedure 3.701(d)(14) provides that:
The sentence imposed after revocation of probation ... may be increased to the next higher cell (guidelines range) without requiring a reason for departure.
The rule expressly permits a limited departure from the recommended sentence without the requirement of a written statement after revocation of probation. However, the term of imprisonment imposed in the present case exceeds both the recommended guidelines sentence and the next higher cell, and is thus beyond the limited departure which the rule authorizes. Although the court did expressly state that such departure was predicated upon appellant’s violation of probation, this bare circumstance does not permit a term of imprisonment beyond the next higher cell above the recommended guidelines sentence. See Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985); Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985); compare Pentaude v. State, 478 So.2d 1147 (Fla. 1st DCA 1985). It is therefore neces *269 sary that appellant’s sentence in Case No. BA-17 be vacated, and upon remand the court must provide an accompanying written statement identifying the specific factors about appellant’s violation of probation, or any other circumstances, which warrant such departure should the court again impose a term of imprisonment beyond the next higher cell above the recommended guidelines sentence.
Accordingly, appellant’s sentences in both cases are vacated and the causes remanded for resentencing.
SHIVERS and WIGGINTON, JJ., concur.