491 So.2d 1259 (1986)
Lindsey ARDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BK-215.
District Court of Appeal of Florida, First District.
July 29, 1986.
Lindsey Ardley, pro se.
Jim Smith, Atty. Gen., for the State.
MILLS, Judge.
Ardley appeals from an order which denied his motion for post-conviction relief sought pursuant to Fla.R.Crim.P. 3.850. We affirm.
Ardley was convicted of armed robbery with a firearm and his sentence, a departure from the presumptive guidelines range, was per curiam affirmed in Ardley v. State, 454 So.2d 1073 (Fla. 1st DCA 1984). Since that time a change in sentencing guidelines law has occurred per Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and Albritton v. State, 476 So.2d 158 (Fla. 1985). Ardley contends these recent Florida Supreme Court rulings apply directly to *1260 his case and require a reversal of his sentence.
In Witt v. State, 387 So.2d 922 (Fla. 1980), cert. denied 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), the Supreme Court was faced with a question similar to that presented herein, namely: When does a change in decisional law mandate a reversal of a once valid conviction and sentence. This issue was presented in Witt in the context of a motion for post-conviction relief from a sentence of death. The court opined that the importance of finality in the criminal justice system cannot be understated and, therefore, only major constitutional changes of law will be cognizable in capital cases under Rule 3.850. The Witt court then went on to conclude that evolutionary refinements in the criminal law, affording new or different standards for the admissibility of evidence, for procedural fairness, for proportionality review of capital cases, and for other like matters are not retroactively cognizable in post-conviction proceedings. 387 So.2d at 929.
Accordingly, we affirm the denial of Ardley's Rule 3.850 petition.
WIGGINTON and NIMMONS, JJ., concur.