WIGGINTON, Judge.
Appellant appeals the trial court’s denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm.
Appellant was convicted after jury trial of robbery and kidnapping and was sentenced to six and one-half years and thirty years in prison, respectively. He appealed his conviction raising only one issue: whether the trial court erred in denying his motion for judgment, of acquittal on the kidnapping count. This Court affirmed. Carter v. State, 468 So.2d 370 (Fla. 1st DCA 1985).
In his motion for postconviction relief, appellant alleged that the trial judge improperly departed from the guidelines in sentencing him on the robbery charge. That issue could have been reviewed on direct appeal and is not cognizable by motion for postconviction relief. Wahl v. State, 460 So.2d 579 (Fla. 2d DCA 1984). See also Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985).
As his second ground for relief, appellant contends that the trial judge erred in failing to sentence him within the sentencing guidelines on the kidnapping charge despite his affirmative election to be sentenced under the guidelines. However, the denial, if any, of appellant's request to be sentenced under the guidelines was known at the time of sentencing and the alleged error should have been raised on direct appeal. Thus, that ground also is *1289 not cognizable by 3.850 motion. See Chippas v. State, 482 So.2d 528 (Fla. 5th DCA 1986).
Since the allegations in appellant’s motion do not state grounds for which relief can be granted, the trial court’s denial of the motion is affirmed.
MILLS and NIMMONS, JJ., concur.