498 So.2d 576 (1986)
Charles Henry WATKINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1442.
District Court of Appeal of Florida, Third District.
December 2, 1986.
*577 Bennett H. Brummer, Public Defender, and Jon May, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Ralph Barreira, Asst. Atty. Gen., for appellee.
Before BASKIN, FERGUSON and JORGENSON, JJ.
PER CURIAM.
Appellant Watkins challenges the trial court's denial of his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, on two grounds: first, he contends that the trial court impermissibly departed from sentencing guidelines; second, he asserts that his attorney failed to provide him with effective counsel. Agreeing that Watkins' sentences are inappropriate, we remand for resentencing.
Watkins was charged by information with armed robbery, attempted first-degree murder, aggravated assault, and the unlawful possession of a firearm while engaged in a robbery. Following a jury trial, he was acquitted of the charge of attempted first-degree murder, but convicted of the lesser-included offense of aggravated battery with a firearm, in addition to the remaining charges. At the sentencing hearing, the trial judge departed from the recommended guidelines sentence of nine to twelve years' imprisonment and sentenced Watkins to two twenty-five-year terms and one five-year term, all to run concurrently. The court stated as its reasons for departure:
(1) The robbery for which the defendant was convicted was committed in a particularly brazen and vicious fashion. While a number of witnesses were pursuing him, the defendant turned and fired several shots at a group of people, striking one in the shoulder. He was not shooting in the air to scare them; he was shooting to kill.
(2) The evidence of the defendant's guilt was overwhelming. Yet at trial the defendant came up with an incredible story. Nobody could have possibly believed his testimony. He showed absolutely no signs of remorse.
(3) The defendant has previously been convicted of an offense involving a weapon for which he was sentenced to three years State Prison.
(4) At the time the defendant committed this offense, he was under legal restraint via the Community Control Program.
Watkins argues, and the state concedes, that the reasons set forth by the trial court do not constitute clear and convincing grounds for departure from the recommended guidelines sentence. We agree.
The first and third reasons are invalid because they incorporate components already included in the recommended sentence. State v. Mischler, 488 So.2d 523 (Fla. 1986); Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Steiner v. State, 469 So.2d 179 (Fla.3d DCA), review denied, 479 So.2d 118 (Fla. 1985); see State v. Williams, 477 So.2d 570 (Fla. 1985); Deer v. State, 476 So.2d 163 (Fla.), sentence vacated, 479 So.2d 323 *578 (Fla. 5th DCA 1985). In addition, the trial court's finding that the defendant "was shooting to kill" contradicts the jury verdict finding defendant guilty of aggravated battery with a firearm rather than of attempted first-degree murder. The trial court's departure from the recommended sentence violates the proscription against including factors for which convictions have not been obtained. See Scurry v. State, 489 So.2d 25 (Fla. 1986); Owen v. State, 441 So.2d 1111 (Fla. 3d DCA 1983), motion denied, 446 So.2d 100 (Fla. 1984); Fla.R.Crim.P. 3.701(d)(11).
The second reason does not support departure. The supreme court held "that lack of remorse to support a departure sentence cannot be inferred from either the mere exercise of a constitutional right or a continuing assertion of innocence." Mischler, 488 So.2d at 526; Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); see Pope v. State, 441 So.2d 1073 (Fla. 1983).
The trial court's fourth reason is also improper. Although Florida Rule of Criminal Procedure 3.701(d)(14) provides that "[t]he sentence imposed after revocation of probation or community control may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure," here the trial court failed to follow the directives. (emphasis supplied). The court not only factored the defendant's legal status at the time of the offense into the guidelines scoresheet but also used the same legal status as a basis for departure from the guidelines. Brown v. State, 488 So.2d 641 (Fla. 2d DCA 1986); see Riddle v. State, 488 So.2d 903 (Fla. 5th DCA 1986); Hutchinson v. State, 479 So.2d 267 (Fla. 1st DCA 1985). For these reasons, we hold that resentencing is required.
Watkins also asserts that his attorney failed to provide effective assistance of counsel. We find this contention to be without merit. We therefore vacate the sentences and remand to the trial court for resentencing consistent with this opinion.