505 So.2d 9 (1987)
David K. KISER, Appellant,
v.
STATE of Florida, Appellee.
No. BK-401.
District Court of Appeal of Florida, First District.
March 24, 1987.
Rehearing Denied April 23, 1987.
David K. Kiser, pro se.
Gregory G. Costas, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Kiser appeals a trial court order denying his motion for post conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm.
Appellant was convicted of burglary of a dwelling in 1983. The guidelines recommended sentence was three years in prison; appellant was sentenced to ten years in prison. The judge based his departure primarily on appellant's long prior record, a valid reason for departure at that time. This court affirmed appellant's sentence. Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984). After our opinion in Kiser's original appeal, the Florida Supreme Court decided Hendrix v. State, 475 So.2d 1218 (Fla. 1985), holding that a prior criminal record is an impermissible basis for departure. Appellant filed this 3.850 motion arguing that this change in the law requires that his sentence be reversed. The trial judge denied the motion on the ground that this issue had already been decided in appellant's original appeal.
In Witt v. State, 387 So.2d 922 (Fla. 1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), the Florida Supreme Court held that only "fundamental and constitutional law changes which cast serious doubt on the veracity or integrity of the original trial proceeding" will be grounds for allowing post-conviction relief. 387 So.2d at 929. The disapproval of a previously valid reason for departure from the sentencing guidelines is not such a change. Ardley v. State, 491 So.2d 1259 *10 (Fla. 1st DCA 1986). Accordingly, we affirm the denial of Kiser's rule 3.850 motion.
AFFIRMED.
SMITH and SHIVERS, JJ., concur.