507 So.2d 1185 (1987)
Timmy Ray McCUISTON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-694.
District Court of Appeal of Florida, Second District.
May 29, 1987.
*1186 RYDER, Acting Chief Judge.
Timmy Ray McCuiston appeals the summary denial of his motion for post-convicition relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
In response to McCuiston's motion the state's attorney argued it was untimely filed. McCuiston was convicted of robbery on March 12, 1984, and filed his motion for post-conviction relief on February 3, 1987. The trial court denied McCuiston's motion because it was filed more than two years after his conviction. See Fla.R.Crim.P. 3.850.
McCuiston points out, however, that he had appealed his conviction to this court. The court's file reveals that the mandate of this court was not issued until February 8, 1985. McCuiston argues that under rule 3.850, he had two years from this date to file his motion, thus his motion filed on February 3, 1987 was timely.
Among other things, rule 3.850 provides:
A motion to vacate a sentence which exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final unless it alleges (1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or, (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively. (Emphasis added).
A judgment becomes final only when the appellate process, once started, has been completed. Cicero v. Paradis, 184 So.2d 212, 214 (Fla. 2d DCA 1966). The appellate process is completed on the date the mandate is issued. Thibodeau v. Sarasota Memorial Hospital, 449 So.2d 297, 298 (Fla. 1st DCA 1984). Thus, McCuiston's judgment of conviction for robbery was not final until this court's *1187 mandate issued on February 8, 1985. McCuiston filed his rule 3.850 motion on February 3, 1987, within two years of the date his judgment became final, therefore McCuiston's motion was timely filed.
McCuiston's instant rule 3.850 motion is his second arguing that his sentence to fifteen years as a habitual felony offender was an unlawful departure from the sentencing guidelines. In this second motion, however, McCuiston claims the benefit of Whitehead v. State, 498 So.2d 863 (Fla. 1986), which held that the habitual felony offender statute is not an exemption to the sentencing guidelines, nor can it be used as a grounds for exceeding a guidelines sentence. However, before we deal with Whitehead we must decide whether McCuiston has abused the process of post-conviction relief.
A second rule 3.850 motion asserting the same grounds as the first may be dismissed as an abuse of process unless the successive motion can be justified. Witt v. State, 465 So.2d 510, 512 (Fla. 1985). McCuiston argues that his second motion was justified because the occurrence of the Whitehead decision in 1986 is a fact that was unknown to him at the time he filed his first rule 3.850 motion in 1984. A subsequent court decision is not, however, the kind of undiscovered fact "relevant to issues in the cause" that would justify a second motion for post-conviction relief according to Witt or rule 3.850.
On the other hand, the rule of Whitehead is a change in the law since McCuiston filed his first motion for post-conviction relief. Arguably, it supports his position. Therefore, we cannot say that McCuiston has abused the process of post-conviction relief by filing a second rule 3.850 motion which asserts a change in the law possibly affecting his sentence. Witt.
Now, we must decide whether the rule of Whitehead applies in McCuiston's case. This squarely presents the issue of whether or not Whitehead is to be applied retroactively. In other words, is the rule of Whitehead a change of law sufficient to support a challenge to a conviction and sentence that were valid when made? Only the Florida Supreme Court and the United States Supreme Court can adopt a change in law sufficient to support such a challenge. Witt v. State, 465 So.2d 510, 512 (Fla. 1985), citing Witt v. State, 387 So.2d 922 (Fla. 1980).
On McCuiston's appeal this court decided that there was a valid factual basis for McCuiston's habitual offender sentence, and that this was a clear and convincing reason for departing from the sentencing guidelines. McCuiston v. State, 462 So.2d 830 (Fla. 2d DCA 1985). At that time, habitual felony offender status was a valid reason for departing from the sentencing guidelines. Not until Whitehead did the Florida Supreme Court decide that it was not a valid reason for departure. 498 So.2d at 866.
The instant case is very similar to Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984). In Kiser, the trial judge departed from the sentencing guidelines based on the defendant's long criminal record, and this reason for departure was upheld on appeal. 455 So.2d at 1073. Later, in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), the supreme court held that a defendant's prior criminal record is not a valid reason for departure. Kiser filed a rule 3.850 motion arguing that Hendrix should be applied retroactively and requesting that his sentence be modified. The first district decided, however, that Hendrix did not apply retroactively, and affirmed the denial of Kiser's motion for post-conviction relief. Kiser v. State, 505 So.2d 9 (Fla. 1st DCA 1987). The court reasoned:
In Witt v. State, 387 So.2d 922 (Fla. 1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), the Florida Supreme Court held that only `fundamental and constitutional law changes which cast serious doubt on the veracity or integrity of the original trial proceeding' will be grounds for allowing post-conviction relief. 387 So.2d at 929. The disapproval of a previously valid reason for departure from the sentencing guidelines is not such a change. Ardley v. *1188 State, 491 So.2d 1259 (Fla. 1st DCA 1986).
Kiser at 9.
We see no reason to treat McCuiston any differently. We hold that the invalidation of habitual offender status as a reason for departure from the sentencing guidelines is not such a fundamental or constitutional law change as will cast serious doubt on the veracity or integrity of an original trial proceeding. Kiser. Therefore Whitehead cannot be applied retroactively to support a post-conviction challenge.
The denial of McCuiston's rule 3.850 motion is affirmed.
FRANK and SANDERLIN, JJ., concur.