ZEHMER, Judge.
Robert O. Little appeals the trial court’s denial of his rule 3.850 motion for post-conviction relief. The motion challenges the legality of his departure sentence under the sentencing guidelines on grounds that the stated reasons for departure have been held invalid by the supreme court since the affirmance of his sentence on appeal. Little v. State, 474 So.2d 331 (Fla. 1st DCA 1985), rev. den., 484 So.2d 9 (Fla.1986). The trial court denied the motion, checking from among numerous recited grounds on a form order the following two explicit grounds:
The Defendant in the case sub judice attempts by motion under Rule 3.850, Florida Rules of Criminal Procedure, to re-try issues previously litigated on direct appeal.
Defendant’s motion contains matter raised on direct appeal and may not form a basis of collateral act by said Motion for Post Conviction Relief.
The validity of Little’s sentence and the reasons for departure from the sentencing guidelines were raised and determined on direct appeal. This would ordinarily be thought to place these issues at rest. We are mindful that sentences which have been rendered illegal by subsequent decisions of the supreme court are subject to collateral attack by rule 3.850 motion, see Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987); therefore, the stated basis for the trial court’s ruling is probably no longer sound.
We conclude, however, that Little’s motion is facially insufficient to warrant any relief. It does not identify the specific reasons recited for departure by the trial judge and relate each such reason to a supreme court decision holding that specific reason invalid. The motion wholly fails to demonstrate any basis for concluding that Little’s sentence has been rendered illegal by subsequent supreme court decisions.
AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.