516 So.2d 24 (1987)
Henry James EARLY, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-956.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Bennett H. Brummer, Public Defender, Feiler & Feiler and Milton Hirsch, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen. and Margarita Muina Febres, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant Henry James Early from a denial of his motion to correct an illegal sentence under Fla.R. Crim.P. 3.800(a). We reverse based on the following briefly stated legal analysis.
First, the defendant Early was sentenced to thirty years imprisonment for armed robbery, which sentence was an improper departure from the sentencing guidelines range of nine to twelve years imprisonment. The reasons given by the trial court for departing from the guidelines were that (1) the defendant was a habitual offender under Section 775.084, Florida Statutes (1985), an admittedly invalid ground for a sentencing guidelines departure, Whitehead v. State, 498 So.2d 863 (Fla. 1986), and (2) the victim suffered psychological trauma, also an invalid ground *25 absent proof  and there was none in this case  that the trauma suffered was greater than that ordinarily suffered by the victim of a robbery. Lumpkin v. State, 510 So.2d 1164, 1165 (Fla. 3d DCA 1987); see State v. Rousseau, 509 So.2d 281, 283-85 (Fla. 1987).
Second, an unlawful sentencing guidelines departure sentence, as here, may be corrected either upon a post-conviction motion to correct sentence under Fla.R.Crim. P. 3.800(a) or a post-conviction motion to vacate sentence under Fla.R.Crim.P. 3.850. Watkins v. State, 498 So.2d 576 (Fla. 3d DCA 1986); contra Lowe v. State, 501 So.2d 712 (Fla. 2d DCA 1987); Carter v. State, 491 So.2d 1288 (Fla. 1st DCA 1986); Wahl v. State, 460 So.2d 579 (Fla. 2d DCA 1984).
We, accordingly, reverse the order under review and remand the cause to the trial court with directions to set aside the unlawful thirty-year sentence imposed on the defendant and to resentence the defendant within the sentencing guidelines range of nine to twelve years imprisonment.
Reversed and remanded.