COBB, Judge.
Hansbrough was convicted of a third-degree felony and a first-degree misdemean- or. His presumptive guideline sentence was two-and-a-half to three-and-a-half years. At sentencing, in January, 1986, the trial court determined him to be an habitual offender and imposed a ten-year enhanced sentence. The only reason given for departure was the habitual offender determination. Hansbrough appeals from the denial of a motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) based on the trial court’s use of the habitual offender determination to exceed the guidelines.
Habitual offender status is not a clear and convincing reason for departure. Whitehead v. State, 498 So.2d 863 (Fla.1986). A departure sentence rendered improper by Whitehead is subject to correction via a post-conviction motion to correct sentence under Florida Rule of Criminal Procedure 3.800(a) or a post-conviction motion to vacate sentence under Florida Rule of Criminal Procedure 3.850. See Early v. State, 516 So.2d 24, 25 (Fla. 3d DCA 1987).
Accordingly, we reverse Hansbrough’s sentence and remand for imposition of a guideline sentence pursuant to Shull v. Dugger, 515 So.2d 748 (Fla.1987).
REVERSED and REMANDED.
SHARP, C.J., and COWART, J., concur.