530 So.2d 384 (1988)
Bobby Willson DEESE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1703.
District Court of Appeal of Florida, First District.
August 10, 1988.
*385 Bobby Willson Deese, pro se.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Appellant Bobby Willson Deese appeals an order denying his motion for post-conviction relief to correct an alleged illegal sentence. The motion, based on appellate decisions rendered after his sentencing, challenges the validity of the reasons given by the trial court for departing from the sentencing guidelines recommended sentence.
In April 1984, appellant was found guilty by a jury of two counts of sexual battery of his stepdaughters and was sentenced to 15 years imprisonment. The recommended guidelines range called for a sentence of 7-9 years. The motion alleges that the trial court cited the following reasons for exceeding the guidelines:
1. While the victims of Bobby Willson Deese's crime did not suffer serious physical injury, they suffered obvious and profound emotional shock and trauma as a result of defendant's actions. Such trauma is not taken into account in establishing presumptive ranges under sentences guidelines.
2. This condition continued for a period of three or four years while the children were at the tender age of ten or eleven.
3. The defendant showed no remorse.
4. In addition, the Court adopted the reasons set forth in the motion filed by the State Attorney on the sentencing date.
It alleges that the state attorney stated the following reasons in its motion for enhancing sentence:
1) The defendant has shown a total lack of remorse which indicates a resistance to rehabilitation.
2) The victims were the defendant's own stepdaughters and the crime sprang from his position of trust with them.
3) Although the crimes were charged in a single count, both victims were assaulted numerous times over more than a three-year period.
4) The assaults increased as time went on and included oral and anal sex as well as vaginal intercourse.
5) The recommended Guideline sentence of 8 years is not sufficient to act as a general deterrent to others.
6) The Guidelines Commission has proposed an increase in all sexual offenses but the increase has not yet been adopted by the Supreme Court.
Records in this court reveal that Deese appealed his conviction and sentence, raising the trial court's departure from the sentencing guidelines as one of the issues on appeal. The conviction and sentence were affirmed without opinion. Deese v. State, 471 So.2d 44 (Fla. 1st DCA 1985) *386 (mandate issued July 9, 1985). On January 15, 1986, appellant filed a motion under rule 3.850, Fla.R.Crim.P., alleging ineffective assistance of counsel, insufficiency of the evidence to support his conviction, and that expert medical testimony corroborating the testimony of the victims was improperly admitted. The trial court denied that motion and we affirmed without opinion. Deese v. State, 504 So.2d 769 (Fla. 1st DCA 1987).
On September 16, 1987, appellant filed the instant motion, which was entitled "Motion For Correction of Illegal Sentence," citing as authority rules 3.800(a) and 3.850. The motion alleged that the sentencing guidelines called for a sentence of 7-9 years and that the trial court exceeded its authority when it increased his sentence to 15 years by using illegal aggravating factors. On September 23, 1987, the trial court issued its order dismissing the motion on the ground that the "motion is not timely filed inasmuch as it was filed after January 1, 1987." Appellant contends this ruling was erroneous.
Rule 3.850 states in part that:
No ... motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final unless it alleges (1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or, (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
Any person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion in accordance with this rule.
(Emphasis added). The rule also provides that a motion to vacate a sentence which "exceeds the limits provided by law may be filed at any time."
Appellant is apparently entitled to seek relief from a sentence which has been rendered illegal by "subsequent interpretations of pre-existing law by the supreme court" through a rule 3.850 motion. See Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987) (sentences which have been rendered illegal by subsequent decisions of the supreme court are subject to collateral attack by rule 3.850 motion). See also Witt v. State, 465 So.2d 510, 512 (Fla. 1985) (justification for second rule 3.850 motion "could be established by a showing ... that there has been a change in the law since the first petition"); Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986) (en banc) (any fundamental sentencing error that could cause the defendant to be incarcerated for a greater length of time than the law permits may be challenged in a successive motion under rule 3.850).
The trial court's stated reason for denying appellant's motion  that the "motion is not timely filed inasmuch it was filed after January 1, 1987"  is in error. Appellant's judgment and sentence were not final until July 9, 1985, when the mandate issued from this court affirming his conviction and sentence. See Ward v. Dugger, 508 So.2d 778 (Fla. 1st DCA 1987) (judgment and sentence becomes final for purpose of rule 3.850 when direct review proceedings have concluded and jurisdiction to entertain a motion for post-conviction relief returns to the sentencing court). It follows that appellant had at least until July 9, 1987, to file a motion for post-conviction relief under this two-year limitation.
Nevertheless, appellant did not file this motion until September 16, 1987, after expiration of the two-year time period, alleging that recent decisions of the supreme court construing the sentencing guidelines rule and statute are sufficient to overcome this time bar. See Demps v. State, 515 So.2d 196 (Fla. 1987) (post-conviction relief procedurally barred unless appellant alleged facts previously unknown and not discoverable, or raises a newly established fundamental constitutional right). He contends that the supreme court's decisions in Keys v. State, 500 So.2d 134 (Fla. 1986), Lerma v. State, 497 So.2d 736 (Fla. 1986), and State v. Cote, 487 So.2d 1039 (Fla. 1986), invalidating certain reasons for departure from the guidelines, have rendered his sentence illegal and that this allegation *387 can be raised at any time, citing Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987). Appellant filed this motion within two years of the cited supreme court decisions, which changed the law, and the changes in the guidelines law made by the cited supreme court opinions allegedly made appellant's sentence illegal in the sense that it exceeded limits provided by law so that the motion "may be filed at any time." The motion, therefore, was timely filed under either provision of rule 3.850. See Bass v. State, 530 So.2d 282 (Fla. 1988) (motion for rehearing pending); Hall v. State, supra.
Appellant also alleges entitlement to relief under the provision in rule 3.800(a) that the court "may at any time correct an illegal sentence imposed by it." Rule 3.800(a) does not require petitioner to allege certain facts and to follow the procedural requirements specified in rule 3.850. The supreme court has not indicated that rule 3.800(a) offers an avenue of relief in situations such as this. Rather, it appears the supreme court contemplates that a motion to correct or "vacate a sentence which exceeds the limits provided by law" based on the court's subsequent interpretation of preexisting statutory law, should be filed pursuant to rule 3.850. See Bass v. State, 530 So.2d 282 (Fla. 1988).
There is, no doubt, a certain amount of overlap between rules 3.800 and 3.850. We note that two district courts of appeal have ruled a motion filed under rule 3.800(a) may be used to correct an unlawful guidelines sentence. In Early v. State, 516 So.2d 24 (Fla. 3d DCA 1987), the defendant was given a departure sentence based on habitual offender status and psychological trauma to the victim. The defendant filed a motion to correct his illegal sentence under rule 3.800(a), arguing that the reasons for departure were invalid. The trial court denied relief, but the Third District reversed, stating that
an unlawful sentencing guidelines departure sentence, as here, may be corrected either upon a post-conviction motion to correct sentence under Fla.R.Crim.P. 3.800(a) or a post-conviction motion to vacate sentence under Fla.R.Crim.P. 3.850.
516 So.2d at 25. Similarly, the Fifth District, citing Early v. State, held that
a departure sentence rendered improper by Whitehead is subject to correction via a post-conviction motion to correct sentence under Florida Rule of Criminal Procedure 3.800(a) or a post-conviction motion to vacate sentence under Florida Rule of Criminal Procedure 3.850.
Hansbrough v. State, 523 So.2d 1264 (Fla. 5th DCA 1988). See also Frierson v. State, 511 So.2d 1016 (Fla. 5th DCA 1987). In view of this construction of rule 3.800(a), and in the interest of fostering uniformity in construction and application of the rules of criminal procedure, we hold that appellant's motion in this case also was cognizable in the court below without any time limitation under this rule. Because we are not certain that this construction fully comports with the supreme court's view on the matter, we certify to that court the following question of great public importance:
CAN A DEFENDANT SERVING A SENTENCE THAT DEPARTS FROM THE SENTENCING GUIDELINES BASED ON REASONS SUPPOSEDLY VALID WHEN IMPOSED, OBTAIN REVIEW OF THE ILLEGALITY OF THAT SENTENCE UNDER RULE 3.800 BECAUSE THE SUPREME COURT SUBSEQUENTLY HOLDS IN OTHER CASES THAT THESE REASONS FOR DEPARTURE ARE INVALID?
The state argues that even though the ground given for the trial court's ruling is invalid, appellant's motion is facially insufficient under rule 3.850 and relief can properly be denied on this basis. A motion for post-conviction relief filed under rule 3.850 must be under oath and include the following information:
(a) The judgment or sentence under attack and the court which rendered same;
(b) Whether there was an appeal from the judgment or sentence and the disposition thereof;
(c) Whether a previous post-conviction motion has been filed, and if so, how many;

*388 (d) If a previous motion or motions have been filed the reason or reasons why the claim or claims in the present motion were not raised in the former motion or motions.
(e) The nature of the relief sought;
(f) A brief statement of the facts (and other conditions) relied upon in support of the motion.
Here, appellant's motion does not state (1) whether there was an appeal from the judgment and sentence under attack and the disposition thereof; (2) whether a previous post-conviction motion had been filed and if so how many; and (3) if a previous post-conviction motion had been filed, the reason or reasons why these claims were not raised. Further, the motion is facially insufficient because it does not contain the proper oath. Although the form is properly notarized, nowhere in the motion does appellant affirmatively state that his allegations are true and correct. See Scott v. State, 464 So.2d 1171 (Fla. 1985) (motion not under oath as required by rule 3.850 was properly denied). Since the motion is facially insufficient, no relief could be granted under rule 3.850. Rowe v. State, 474 So.2d 898 (Fla. 1st DCA 1985); see also Little v. State, 512 So.2d 231 (Fla. 1st DCA 1987).
We cannot determine whether the motion is sufficient to state grounds for relief under rule 3.800. Some of the grounds alleged to have been cited by the trial court appear to be invalid under the cases cited by appellant, so the motion appears to be facially sufficient under rule 3.800 to this extent. Whether all the grounds are invalid so that defendant should be resentenced to imprisonment for a term within the recommended guidelines range cannot be determined from the face of the motion, but will require consideration of the record, which is not before us. Whether or not the defendant will be entitled to an evidentiary hearing is likewise not determinable at this stage. It appears, therefore, that these issues are not ripe for appellate review, so the case must be remanded to the trial court for its consideration and ruling on these issues.
In summary, the trial court's ruling that the motion was untimely was in error, but the motion is facially insufficient under rule 3.850. The appealed order is affirmed in this respect without prejudice to appellant's right to file an amended 3.850 motion which complies with the requirements of the rule. See Rowe v. State, 474 So.2d 898 (Fla. 1st DCA 1985); McElroy v. State, 436 So.2d 417 (Fla. 1st DCA 1983). The motion appears to be facially sufficient under rule 3.800 to allege a basis for relief from an illegal sentence. To this extent the appealed order is reversed and the cause remanded for further proceedings.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SMITH, C.J., and JOANOS, J., concur.