NIMMONS, Judge.
Little appeals from a denial of his motion to vacate his sentence based upon invalid reasons for departure some of which reasons have, according to Little, been held invalid by case law decided since this court's affirmance on direct appeal of his conviction and sentence. Little v. State, 474 So.2d 331 (Fla. 1st DCA 1985) rev. den. 484 So.2d 9 (Fla.1986) (“Little I”).
Subsequent to the affirmance on direct appeal, Little filed a motion for post-conviction relief seeking to overturn his sentence based upon the grounds that the stated reasons for departure were held invalid by the Florida Supreme Court since our above referred affirmance on direct appeal. The trial court denied that motion on the basis that the issues sought to be raised via the motion were matters already litigated on direct appeal.[1] On appeal from that order, this court said:
The validity of Little’s sentence and the reasons for departure from the sentencing guidelines were raised and determined on direct appeal. This would ordinarily be thought to place these issues at rest. We are mindful that sentences which have been rendered illegal by subsequent decisions of the supreme court are subject to collateral attack by rule 3.850 motion, see Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987); therefore, the stated basis for the trial court’s ruling is probably no longer sound.
We conclude, however, that Little’s motion is facially insufficient to warrant any relief. It does not identify the specific reasons recited for departure by the trial judge and relate each such reason to a supreme court decision holding that specific reason invalid. The motion wholly fails to demonstrate any basis for concluding that Little’s sentence has been rendered illegal by subsequent supreme court decisions.
Little v. State, 512 So.2d 231 (Fla. 1st DCA 1987) (“Little II”). Accordingly, the order denying the motion to vacate was affirmed.
*297 Subsequently, Little filed another motion to vacate his sentence. The trial court’s order of denial (the order which is the subject of this appeal), while acknowledging that the new motion “specifically identifies each reason for departure and the subsequent supreme court decisions relating thereto,” denied the motion on the basis of the trial court’s finding of the validity of Reason # 1 pertaining to psychological trauma of the victim in that the victim had a “discernible physical manifestation resulting from the trauma” within the meaning of State v. Rousseau, 509 So.2d 281 (Fla.1987). Although the order says nothing concerning the validity of the other departure reasons, we need not address that problem for the reason stated below.
As is apparent from the above quoted portion of the opinion in Little II, the Little II panel, but for the same panel’s decision six days earlier in Hall v. State, supra, clearly would have affirmed on the basis of the ground relied upon by the trial court, that is that the issues were raised earlier via the direct appeal from the judgment and sentence.[2] This is critical because the Hall holding expressly relied upon the non-final decision of the Supreme Court in Bass v. State, reported at 12 F.L.W. 289 (Fla. June 11, 1987) ("Bass /”). This decision was recently withdrawn and replaced with one which is strikingly and materially different from the withdrawn opinion. Bass v. State, 580 So.2d 282 (Fla.1988) ("Bass II”).
It is obvious from even a cursory review of the Hall opinion that the Hall panel felt compelled by the Bass I opinion to reach the conclusion it did, and that but for that opinion (which in the view of Justice Ehrlich, dissenting, turned prior decisional law “on its head”), the Hall panel would have relied upon this court’s prior decisions in Kiser v. State, 505 So.2d 9 (Fla. 1st DCA 1987)[3] and Ardley v. State, 491 So.2d 1259 (Fla. 1st DCA 1986),[4] and would have held that Hall was precluded from collaterally attacking the validity of his departure sentence.
Hall no longer being authoritative, we affirm the trial court’s order on the basis of Kiser and Ardley.
AFFIRMED.
MILLS, J., concurs.
SMITH, C.J., specially concurs with written opinion.

. Although not apparent from the opinion in Little I, the appellate record in that case shows that one of the issues raised by Little in Little I was the validity of the reasons given for guidelines departure.

.In Hall, the defendant appealed the trial court’s denial of his 3.850 motion complaining of his upward departure sentence. During the pendency of the appeal, the Supreme Court decided Whitehead v. State, 498 So.2d 863 (Fla. 1986) holding that adjudication as an habitual offender is not a valid reason for departure. The Hall panel held, (relying upon Bass /, infra) that, even though this court had approved in Hall’s earlier appeal his habitual offender status as a valid reason for departure, he would nevertheless be able to rely upon Whitehead in a subsequent 3.850 attack on his sentence.

. Kiser held that the subsequent judicial disapproval of a previously valid reason for guidelines departure is not such a fundamental and constitutional law change as will support a post conviction collateral attack on the sentence.

. As in Kiser, Ardley disapproved the kind of collateral attack sought by Little which attack is based upon changes in the guidelines forged by case law subsequent to disposition of the initial appeal.