556 So.2d 501 (1990)
Roy Junior YATES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2399.
District Court of Appeal of Florida, First District.
February 6, 1990.
*502 Roy Junior Yates, pro se.
No appearance for appellee.
SHIVERS, Chief Judge.
Appellant filed a post conviction motion to correct illegal sentence pursuant to Fla. R.Crim.P. 3.800 and 3.850 which the trial court denied for the reasons that the motion was untimely under Rule 3.850 and that the court previously denied a similar motion. We reverse and remand.
In challenging the legality of a sentence, motions filed pursuant to either Rule 3.800(a) or 3.850 are equally valid. See Early v. State, 516 So.2d 24 (Fla. 3d DCA 1987) (involving a challenge to a departure sentence). And, a motion that alleges an illegal sentence is cognizable under Rule 3.800(a) without any time limitation and without the formal compliance with the requirements of Rule 3.850. Deese v. State, 530 So.2d 384 (Fla. 1st DCA 1988), review dism., 534 So.2d 398 (1988).[1] Since appellant's motion alleges illegal sentence, it was cognizable under Rule 3.800(a).
The trial court's alternative basis for denial was that appellant's motion alleges grounds which were decided by an earlier, attached order and thus, under Rule 3.850, it may be dismissed. However, that earlier order is not attached and does not appear elsewhere in the appellate record.
Rule 3.850 states that:
[i]f the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order.
We REVERSE and REMAND with directions that the trial court attach its earlier order or proceed in accordance with Rule 3.800.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] As they pertain to this appeal, rule 3.850 states that "[a]ny person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion in accordance with this rule." Rule 3.800(a), on the other hand, states that "[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet."